## Staunton.

### HOBSON & ALS v. WHITLOW & ALS.

#### SEPTEMBER 24TH, 1885.

1. TRUSTS—*Possessors of trust property—Liability.*—Trusts are enforced not only against regularly appointed trustees, but also against all persons who come into possession of trust property with notice of the trust.

2. IDEM—*Purchasers with notice—Liability.*—Purchasers or grantees of trust property with notice of the trust, though they have paid the entire consideration, themselves become trustees, and liable to the *cestuis que trust* for the fulfillment of the trust.

3. IDEM—*Grants on condition—Liability of grantees—Sub-grantees with notice.*—Where land is conveyed to A. in consideration that he pay a certain debt, and A. does not execute the deed, but accepts it, and takes possession and holds the land, A. is personally liable for the debt, and the land in his hands is also liable. *Vanmeter* v. *Vanmeters*, 3 Gratt. 142. And if A. convey the land to B., who has notice of the consideration, B. too, is personally liable for the debt, and the land in his hands is also liable.

Argued at Richmond and decided at Staunton.

Appeal from decree of circuit court of Campbell county, rendered 28th October, 1882, in the suit of John H. Whitlow and Samuel S. Whitlow, legatees and devisees of their father, W. W. Whitlow, deceased, *against* E. M. Hobson and Susan, his wife, and James W. Hobson and Bettie L., his wife, for $1049.32, balance due on the bonds executed by C. C. Betterton for the purchase money of a tract of land sold under a de-

cree of said circuit court in the cause of Maddox, administrator, *v.* Whitlow's executor. which was afterwards conveyed to J. W. Herndon in consideration that he would pay the said purchase money, and which was subsequently conveyed to the said E. M. and J. W. Hobson, who had notice of the said stipulation. The court below having decreed against said defendants, they obtained an appeal from the decree.

Opinion states the facts.

*Kirkpatrick & Blackford,* for the appellants.

*E. D. Gallins* and *Kean & Kean,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

On the 7th July, 1871, E. M. Stratton and E. A. Murrell, commissioners in the suit of Maddox, administrator, *v.* Whitlow's executor, sold a tract of land, formerly belonging to W. W. Whitlow, to Mrs. C. C. Betterton, for the sum of $3276. She made the cash payment of $100, and executed her three bonds for $1058.66 each, with W. J. Betterton and J. W. Hobson, as sureties.

Mrs. Betterton died before any of the said purchase money bonds were paid, and leaving a totally insolvent estate.

On the 3rd day of July, 1880, this suit was instituted by John H. Whitlow and Samuel S. Whitlow, legatees and devisees of their father, W. W. Whitlow, deceased, against E. M. Hobson and Susan, his wife, and James W. Hobson and Bettie L., his wife, for $1049.32, balance due on the aforesaid purchase money bonds, as of March 24th, 1880, the said defendants being liable for said balance by reason of the following facts: W. J. Betterton was owner of four-fifths interest in his father's estate, and of seventeen-twentieths of a mill-property located in Campbell county, which, by consent of all parties in interest, was sold

under decree of the circuit court of Campbell county, in 1872, in the suit of Betterton *v.* Hobson, for distribution among the heirs of his father. J. W. Hobson became the purchaser, making a cash payment of $200, and executed his bonds, in one, two, three and four years, for the residue of the purchase money, with E. M. Hobson as his surety; which said bonds were never paid, the said estate being purchased by a member of the family, was, apparently, treated by the family as if there had been no sale for division. J. W. Hobson and E. M. Hobson are brothers; they each married sisters, and sisters of W. J. Betterton; so that the kinship of the family is very close, their interests nearly allied, and the shifting of property among themselves very frequent, as shown by the record.

In 1876, W. J. Betterton conveyed by deed all his aforesaid interest in his father's estate and mill-property, along with all his unsold interest in the Whitlow lands purchased by his mother, to one J. W. Herndon, in consideration that the said J. W. Herndon, amongst other things, would "pay the balance of the purchase money due upon the Whitlow tract of land, and for which said Betterton is liable, as surety;" the said Herndon assuming in said deed the said indebtedness of said Betterton, and one of the considerations moving from said Herndon in said deed being the assumption by him of the debt due by Betterton on the Whitlow tract of land.

In 1877, W. J. Betterton became a bankrupt, and in his schedules made no mention of or reference to the Whitlow debt, manifestly because the payment of the Whitlow debt had been transferred to and assumed by J. W. Herndon as aforesaid. In March, 1878, W. J. Betterton was duly discharged as a bankrupt; and on the 3d day of May, 1878, he, with J. W. Betterton, repurchased of J. W. Herndon all the said interest in the Betterton estate, but made no reference to the Whitlow lands; except that W. J. Betterton, in the contract of purchase, undertook to release Herndon from his said covenant to pay the

Whitlow debt, which had attached as an equitable lien to the said interest, by his conveyance to Herndon for the benefit of the Whitlows before his act and passage through bankruptcy.

On the 2d of August, 1879, W. J. Betterton, J. N. Betterton and E. R. Betterton sold and conveyed all said interest in the Betterton estate, along with E. R. Betterton's separate interest, to appellants, Bettie L. Hobson and E. M. Hobson, who had notice of, and were fully conversant with, the said stipulations and covenants contained in the deed from W. J. Betterton to J. W. Herndon, expressly charging the said interests conveyed to J. W. Herndon in equity, with the payment of the Whitlow debt.

Upon the hearing of the cause, the circuit court pronounced its decree of October 28th, 1882, which is the decree appealed from, declaring that "the legal effect of the deed of the 28th November, 1876, from W. J. Betterton to J. W. Herndon, *filed as exhibit F.*, whereby the consideration moving to the said Herndon in the subjects conveyed, as should be necessary for the purchase, was dedicated for the payment of the bonds which said W. J. Betterton was bound for in the suit of Maddox *vs.* Whitlow, was to create an equitable lien upon the subjects and in favor of the beneficiaries of the fund represented by these bonds; and, therefore, the said Herndon, to that extent, was a trustee of the said subjects for their benefit; and the same in his hands, and in the hands of the defendants, E. M. Hobson and B. L. Hobson, claiming under him, with express notice, is liable in equity to be subjected to the satisfaction of the said lien."

In this opinion of the circuit court we fully concur. Those interests passing to the Bettertons, and from them to the Hobsons, all having notice of the conditions and stipulations of the deed from Betterton to Herndon, and claiming their title and interest under that deed, which they admit, the property in their hands are chargeable with the equitable lien of the Whit-

low debt, exactly and to the same extent that they were so chargeable in the hands of the first grantee, J. W. Herndon.

The appellants were acquainted with the transaction and stipulations of the deed between W. J. Betterton and J. W. Herndon, and claim under that deed: they are affected with all the equities appearing upon it.

Story's Equity Jurisprudence, section 533, says: "if we advert to the cases on the subject, we shall find that trusts are enforced not only against those persons who are rightfully possessed of the trust property as trustees, but also, all persons who come into possession of the property bound by the trust, with notice of the trust." "A purchaser, or grantee, who has notice of the trust, at the time of his purchase, becomes himself a trustee, notwithstanding the consideration he has paid. The vested interest of a *cestui que trust* cannot be impaired or destroyed by the voluntary act of the trustees." 4 John. Ch. R. 136; *Shepherd* v. *McIver*, 3 John. Ch. R.

The case at bar is ruled by the cases decided in this court, of *Vanmeter's ex'or* v. *Vanmeters*, 3 Gratt. 142, and *William & Mary College* v. *Powell*, 12 Gratt. 372.

We find no error in the decree complained of, and the same must be affirmed.

DECREE AFFIRMED.