## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### YOUNG v. HOLLAND AND OTHERS.†

March 11, 1915.

Absent, Kelly, J.*

1. EVIDENCE—*Parol Trust in Land—Trusts and Trustees.*—An express trust in real estate may be created and established by parol in this State, but the declaration must be unequivocal and explicit, and the evidence clear and convincing.

2. EVIDENCE—*Parol Trust in Land—Varying Written Instrument.*— As 'an oral declaration of trust in real estate is lawful and enforceable in this State, and can only be proved by oral evidence, it is not within the operation of the rule forbidding the admission of parol evidence to vary, alter or contradict the terms of a valid written instrument.

Appeal from a decree of the Circuit Court of Accomac county. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Wescott & Turlington* and *Henley, Anderson & Hall,* for the appellant.

*John S. Parsons* and *Stewart K. Powell,* for the appellees.

KEITH, P., delivered the opinion of the court.

The bill filed by Mrs. Young shows that, in May, 1910, she purchased from George W. Milliner a certain parcel

*Argued before Judge Kelly's term began.

†NOTE BY REPORTER—This case was argued while Judge Buchanan was a member of the court, and the opinion was read and approved by him, but was not handed down until after his retirement.

of land situated in the county of Accomac, and that on the 30th of January, 1911, she purchased from Wesley T. Melson a certain house and lot in said county, for both of which purchases she paid cash, but requested the vendors, Milliner and Melson, to convey the same to Hannah W. Holland by deed of bargain and sale, which was accordingly done. The bill further alleges that it was distinctly understood at the time of the purchase and before the conveyance of either of the parcels of land that the said Hannah W. Holland was to collect the rents and profits arising from the house and lot of land and pay the same to Mary E. Young during her natural life, all of which was agreed to by Mrs. Holland; that Mrs. Holland took each of said parcels of land impressed with and subject to this trust, and with the express promise to collect the rents and profits and pay them to Mrs. Young during her lifetime. Mrs. Holland it is alleged was the favored daughter of the plaintiff, for whom she entertained great affection and in whom she had implicit confidence; that Mrs. Holland has collected the rents from the land thus conveyed to her, but has declined to account to the plaintiff for them, and contends that the deeds to her are absolute on their face, and that the rents and profits are hers, notwithstanding the oral agreement above set out to collect the rents and profits and pay them over to the plaintiff as long as she lived.

To this bill Mrs. Holland and her husband were made parties defendant, and to it they demurred, which demurrer the court sustained and dismissed the bill, and the case is before us upon an appeal awarded by one of the judges of this court.

The deeds which were filed as exhibits with the bill are absolute on their face, and the question presented for de-

cision is, can an express trust in real estate be created in this State by a parol agreement?

This question has been answered in the affirmative in *Walraven* v. *Lock,* 2 Pat. & Heath 547, to which we shall again refer; but in *Sprinkle* v. *Hayworth,* 26 Gratt. (67 Va.) 384, it was found unnecessary to answer the question. In *Borst* v. *Nalle,* 28 Gratt. (69 Va.) 423, it was again found unnecessary to determine the question, and no opinion was expressed upon it. In *Jesse* v. *Armentrout,* 100 Va. 673-4, 42 S. E. 682, the court found it unnecessary to discuss the controverted question as to whether a trust in lands may be created by parol declaration, and said, "We prefer to leave that question where it was placed in *Sprinkle* v. *Hayworth, supra,* and *Borst* v. *Nalle, supra;*" while in *Garrett* v. *Rutherford,* 108 Va. 481, 62 S. E. 390, which is the latest expression upon the subject, it is said: "The question is an open one in this State, whether an express trust affecting real estate is valid unless in writing."

These cases are adverted to, not because they throw any special light upon the subject, but as showing that this court has not in terms accepted the authority of *Walraven* v. *Lock, supra,* while it has been in no sense overruled, and that the question, which is one of great interest and importance, is an open one so far as this court is concerned.

It seems that at the common law, before the passage of the statute of frauds (29 Car. II), an express trust in lands could be created by parol; but as was said in *Kline* v. *Kline,* 103 Va. 267, 48 S. E. 882, the declaration should be unequivocal and explicit, and established by clear and convincing testimony.

By the English statute of frauds it is expressly provided, in the seventh section, that "All declarations or creations of trusts or confidences, of any lands, tenements, or

hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing, or else they shall be utterly void and of none effect."

And by the eighth section: it is declared, that "Where any conveyance shall be made of any lands or tenements, by which a trust or confidence shall or may arise or result by the implication or construction of law, or be transferred or extinguished by an act or operation of law; then, and in every such case, such trust or confidence shall be of the like force and effect as the same would have been if this statute had not been made; anything hereinbefore contained to the contrary notwithstanding."

Those two sections have never been adopted in this State, and their absence has been frequently animadverted upon by this court.

In *Bank of United States* v. *Carrington,* 7 Leigh (34 Va.) 566, it was held, that "Where land is purchased and paid for by one person, and the conveyance is taken to another, the law will imply a trust for the benefit of the former; and such purchase and payment may be proved by parol evidence."

In the case before us the land was purchased and paid for by Mrs. Young, and the conveyance was taken to her daughter, and if that had been all there would have been a resulting trust; but two circumstances prevented the application of that principle. In the first place, Mrs. Young is the mother of Mrs. Holland; and in the second place, by express direction she caused the deed to be made to Mrs. Holland.

In *Dyer* v. *Dyer,* 1 Lead. Cas. in Eq. (W. & T.) 266, it is said: "Where there is an express trust declared, though but by parol, there can be no resulting trust: for resulting trusts, though saved by the statute of frauds, are only

saved and left as they were before the act; and a bare declaration by parol, before the act, would prevent any resulting trust. * * * As to purchases made in the names of children, or of persons equally favored, it may be laid down as a general rule that where a purchase is made by a parent in the name of a child, there will *prima facie* be no resulting trust for the parent, but on the contrary, *a presumption arises that an advancement was intended* * * * The presumption also arises in favor of any person with regard to whom the person advancing the money has placed himself *in loco parentis;* thus in *Beckford* v. *Beckford,* Lofft, 490, an illegitimate son; in *Ebrand* v. *Dancer,* 2 Ch. Ca. 26, a grandchild; and in *Currant* v. *Jago,* 1 Coll. 261, the nephew of a wife, were held entitled to property purchased in their names, from the presumption of advancement being intended."

There can in this case, therefore, be no resulting trust, and the whole case rests upon the validity of an oral declaration of trust as set out in the bill. As such a declaration of trust was valid at common law, and as the seventh and eighth sections of the English statute of frauds have not been enacted in this State, the question at once arises whether our statute, as it stands, is broad enough to cover the case.

In *Sprinkle* v. *Hayworth, supra,* referring to the omission from our statute of the seventh and eighth sections of the English statute of frauds, Judge Moncure says: "We do not mean to admit, however, that there is any difference in effect between the English statute of frauds and ours arising from the omission in the latter of the seventh and eighth sections of the former. That is a question which is unnecessary, and not intended to be discussed in this case." To the same effect see *Borst* v. *Nalle, supra.*

In 2 Minor's Inst. (4th ed.), p. 847, it is said, that "Whether contracts touching trusts in lands are within our statute has not been adjudged, but it would seem that little doubt can exist that they are."

If they be within our statute of frauds, then it must be by force of the sixth clause of section 2840, which says that "No action shall be brought in any of the following cases: * * * Sixth. To charge any person upon any contract for the sale of real estate or for the lease thereof for more than a year, unless it be in writing."

Discussing this phase of the subject, Judge Brockenbrough in *Bank of United States* v. *Carrington, supra,* uses the following language: "I think, then, that this is a case in which the rule as it is understood in England will strictly apply. The purchaser of the land having paid the money, the trust results to him by operation of law, although the conveyance was made to another. Nor do I think that either the words or spirit of our statute of frauds will exclude parol evidence in a case like this. The act says, 'No action shall be brought upon any contract for the sale of lands, or the making any lease thereof for a longer term than one year, unless the promise or agreement, etc., or some memorandum or note thereof, shall be in writing.' There is no pretence of any contract of sale or lease between Richard Adams and John Adams. The deed shows a sale between Marx and Richard Adams; and John Adams, who is not named in the deed, but who has been in possession ever since the sale, and has laid out large sums of money on the land, asks to be allowed to prove by witnesses, not that there was any contract of sale between Richard and himself, but that Richard holds under that deed merely as his trustee. The fourth section of the English statute uses broader terms than ours. It forbids an action, 'on any contract or sale of lands, *or any interest*

*in or concerning them,'* without writing. These words are omitted in our act; yet their insertion in the English statute was not deemed sufficient to include declarations of trust, which would have been provable by parol testimony, but for the seventh and eighth sections before mentioned."

Now in our statute, not only have we not enacted the seventh and eighth sections, but so much of the fourth section as forbids an action on a contract or sale of "any interest in or concerning them" is also omitted, although, as Judge Brockenbrough points out, their insertion in the English statute was not deemed sufficient to include declarations of trust which would have been provable by parol testimony, but for the seventh and eighth sections before mentioned.

In *Bank of U. S.* v. *Carrington,* the contention was also made that because our statute had not adopted the eighth section, which excepts from its operation resulting trusts, that trusts of every description were within our statute; but the court, going as far in the direction of the maintenance of trusts by parol as the case before them required, maintained the trust resulting by operation of law, but without saying one word to indicate it as their opinion that express trusts stood upon any different plane. A careful consideration of the several opinions in *Bank* v. *Carrington* leaves little doubt that the court was at that time of opinion that all trusts, whether arising from an express declaration or by implication of law remained in this State as at the common law prior to the passage of the act of 29 Car. II known as the statute of frauds.

In the case of *Walraven* v. *Lock, supra,* Judge Nash, in the course of his opinion, says: "In the case of an absolute deed upon its face, it has been frequently decided that parol evidence may be received to prove that the instrument was in truth a mortgage, and this is upon the prin-

ciple that it is competent to prove by parol testimony the express or agreed conditions upon which the legal title was acquired (citing numerous cases). And in the case of the *Bank of the U. S.* v. *Carrington,* 7 Leigh 566, the question was expressly decided, by an unanimous court, that it was competent to receive parol proof of facts to establish an implied or resulting trust, and that the statute of frauds and perjuries in Virginia did not apply to cases of implied trust; and, in delivering their opinions, three of the judges proceed to point out the difference between the English and the Virginia statutes, and very strongly intimate that the statute of frauds in Virginia has no application to either express or implied trusts. Judge Carr, in that case, says the English statute 'differs from ours with respect to trusts in this, that by their seventh section, it is enacted that all declarations or creations of trusts, etc., of any lands, etc., shall be manifested and proved by some writing, etc. To which section there is a proviso, that where any conveyance shall be made of lands, etc., by which a trust or confidence shall or may arise or result by implication or construction of law, etc., such trust, etc., shall be of like force and effect as if this statute had not been made; whereas, by our statute, the whole subject is omitted. We have neither the enacting clause nor the proviso which that clause rendered necessary.' "

And Judge Thompson, in the same case, referring to the case of *Bank of U. S.* v. *Carrington, supra,* said: "The judges there advert to the difference between the English statute and our own, both in its provisions and phraseology, and show, that whilst the English statute of frauds embraces express trusts, it in express terms excludes the resulting and implied trusts from its operation, and that our statute, embracing neither, excludes both. And it is obviously to that difference between the Virginia statute,

and the original statute of frauds that they refer the decision of the cases, in which it was held competent by parol to convert absolute bills of sale and deeds for land into mortgages or conditional sales.   These cases are not only cited with approbation, but the grounds of the decisions more fully and better stated than in the cases themselves."

In *Hancock* v. *Talley,* reported in 7 Va. Law Reg. at p. 34, the Special Court of Appeals had this subject under consideration, and in the course of the unanimous opinion of the court, delivered by Judge Wingfield, the following language is used: "The provisions of the seventh and eighth sections of the English statute of frauds never were enacted by our legislature, and were never in force in Virginia; and the law here in relation to declarations of trust is, and always has been, the same that it was in England before the statute.   The four judges who sat in the case of *The Bank of the United States* v. *Carrington et als,* in the separate opinions delivered by each of them, all concurred that the law here, in this respect, had always been the same as it was before the statute of frauds, and that consequently a verbal declaration of a trust might be set up by parol proof; and we know that it is now and always has been the constant practice of the courts of equity, throughout the entire State, to set up and enforce by proof (express) declarations of trusts not in writing and to engraft them on deeds absolute on their face, a familiar instance is that of showing by parol that a deed absolute on its face, was, by a verbal agreement, intended to be a mortgage. This, I suppose, has been done by every court in the State, having chancery jurisdiction, while the right to do so has never been questioned. *Ross* v. *Norvell,* 1 Wash. 14 [1 Am. Dec. 422]; *Robertson* v. *Campbell,* 2 Call. 421, and *Owen* v. *Sharp,* 12 Leigh 427."

In Browne on the Statute of Frauds, sec. 80, the case of *Chiles* v. *Woodson*, 2 Bibb (Ky.) 71, is cited, where land had been conveyed by one party to another in trust for the grantor, and upon an agreement that the grantee should reconvey to any one to whom the grantor might afterwards sell, and the court treated the transaction as a contract for land, and, there being no written evidence of the arrangement, denied relief in equity on the ground of the statute. "Here was apparently a clear case of trust, to which the court applied the section which in terms extends to mere contracts for the purchase or sale of land. In Virginia, on the other hand, where the statute stands in the same way, the seventh section being omitted and the fourth retained, it has been said (in a case, however, where the point was not directly presented), that the latter would not apply to a trust created verbally, which would accordingly be good in that State; and the court based its opinion on the simple fact of the legislature's omission of the trust section and retention of the other, as conclusive of its design to allow a trust to be proved without writing; adverting also to the circumstance that in England it was thought necessary to enact the seventh section expressly providing for trusts, although the fourth section of the statute of Charles contained larger language than the corresponding section of the Virginia statute."

This subject has been before many of the courts and the line of demarcation between their conclusions seems in large measure to turn upon the introduction or omission of the seventh and eighth sections of the English statute. In those States in which those sections appear, express trusts are within its operation and cannot be proved by parol; while in quite a number of the States where the seventh and eighth sections have not been adopted, oral declarations of trust are maintained. We shall content

ourselves with mere reference to them without discussion. *Gardner* v. *Rundell,* 70 Texas 453, 7 S. W. 781; *James* v. *Fulcrod,* 5 Texas 512, 55 Am. Dec. 743; *Woodfin* v. *Marks,* 104 Tenn. 512, 58 S. W. 227; *Olcott* v. *Bynum,* 17 Wallace 44, 21 L. Ed. 570; *Sykes* v. *Boone,* 132 N. C. 199, 43 S. E. 645, 95 Am. St. Rep. 619; *Taylor* v. *Wahab,* 154 N. C. 219, 70 S. E. 173; *Fleming* v. *Donahoe,* 5 Ohio 255.

Counsel for appellees have argued with great force, that to maintain the express trust by parol evidence would violate that principle of law nowhere more closely adhered to than in this State, that parol evidence cannot be admitted to vary, contradict, add to or explain the terms of a written agreement. If at the common law an express declaration of trust, such as is here sought to be established was lawful, and if by the statute of frauds as adopted in this State the common law was not in this respect altered, then such an express declaration remains lawful. In the nature of things an oral declaration can only be established by oral evidence, and we do not think that the position can be maintained that an oral declaration of trust is sanctioned by our law and the only possible mode of proof is to be excluded; in other words, we cannot maintain a right and exclude the only mode of proof by which that right can be established.

We have been unable to escape these conclusions: That at common law such an express declaration of trust as is here presented was lawful and could be enforced; that by the English statute of frauds such an express trust is prohibited; that no such express prohibition is found in our statute, the seventh and eighth sections of the English statute not having been adopted by us; that the case before us does not present a contract for the sale of real estate or for the lease thereof, and is not within the sixth clause of our statute; that being valid at common law, and the

common law not having been changed by statute, such an express declaration of trust can still be enforced in this State, and that an oral declaration of trust being lawful and enforcible, and being in the nature of things only provable by oral evidence, does not come within the operation of the rule forbidding the admission of parol evidence to vary, contradict, add to or explain the terms of a written instrument. For these reasons the decree of the circuit court will be reversed.

*Reversed.*