# Richmond.

## JOSEPH A. DANIEL v. ELIZA A. VIAR.

### March 17, 1927.

1. TRUSTS AND TRUSTEES—*Parol Trusts—Statute of Frauds.*—In the instant case complainant attempted to establish a parol trust in lands in her favor. Defendant contended that such a parol trust was invalidated by clause 6, section 5561, of the Code of 1919, requiring contracts for the sale of land to be in writing.

   *Held:* That the statute of frauds does not forbid the creation of a parol trust in lands.

2. TRUSTS AND TRUSTEES—*Parol Trusts.*—At common law, before the enactment of the statute of frauds, an express trust in lands could be created by parol; the seventh section of the English statute requires a writing for the proof of an express trust in lands, and the eighth excepts from its operation resulting trusts, but as these sections have never been enacted in Virginia, the matter of parol trusts rests as it did at common law; the omission of these sections was conclusive of the fact that the sixth section did not exclude parol trusts.

3. TRUSTS AND TRUSTEES—*Parol Trusts—Parol Evidence Rule.*—The admission of oral proof of a parol trust does not violate the parol evidence rule, that parol evidence cannot be admitted to vary, contradict, add to or explain the terms of a written agreement. At common law an express declaration of trust was lawful and the statute of frauds as adopted in this State does not in this respect alter the common law. Therefore, such an express declaration of trust remains lawful. In the nature of things an oral declaration can only be established by oral evidence, and the position cannot be maintained that an oral declaration of trust is sanctioned by our law and the only possible mode of proof is to be excluded; in other words, we cannot maintain a right and exclude the only mode of proof by which that right can be established.

4. TRUSTS AND TRUSTEES—*Parol Trusts—Party Contradicting His Own Deed—Husband and Wife—Case at Bar.*—In the instant case complainant attempted to establish a parol trust in her favor in certain lands. Defendant contended that the parol agreement establishing the trust was incapable of proof because the claim of complainant was in contradiction of the conveyance to which she was a party. The trust in ques-

tion was not created by complainant but by her husband in her favor. She was a grantor only in the sense that it was necessary for her to unite in the deed in order to release her contingent right of dower.

*Held:* That a contradiction of the deed was not involved in the instant case. The establishment of the trust will not affect the validity of the deed, but will add thereto by making the deed complainant's muniment of title.

5. TRUSTS AND TRUSTEES—*Parol Trust in Favor of Wife of Grantor—Case at Bar.*—In the instant case, a suit to establish a parol trust in favor of complainant, at the date of the conveyance to the defendant, it was the desire of the grantor that his wife should be provided for in her old age. The only inducing motive for a conveyance of the entire tract, instead of one-half of the tract, to the defendant was to enable the defendant to provide a home for the daughter of the grantor, the wife of defendant, and to enable the defendant to borrow money on the property sufficient to erect a home. This defendant could not do on one-half of the land and, therefore, the grantor agreed to convey the whole tract to the defendant with the understanding that as soon as the debt on the land was sufficiently reduced to get it released, one-half of the land should be conveyed to the wife of the grantor. The rule of law that the declaration must be unequivocal and explicit, and established by clear and convincing testimony, was fully complied with.

*Held:* That the decision of the trial court, sustaining the contention of the complainant that the land conveyed to the defendant was impressed with an express trust in her favor, should be sustained.

Appeal from a decree of the Circuit Court of Campbell county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*A. S. Hester,* for the appellant.

*S. H. Williams,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

Eliza A. Viar, appellee, filed her bill of complaint in the circuit court, alleging, amongst other things, that her husband, William A. Viar, who departed this life

in August, 1917, was during his lifetime seized and possessed of a one acre tract of land, situated in Campbell county; that in contemplation of erecting a building on said lot, concrete pillars were erected thereon to be used as a foundation for the proposed house; that in December, 1916, the appellant, who was the son-in-law of the appellee and her husband, offered to assume the indebtedness upon the land, upon condition that William A. Viar would convey to him that portion of the land containing the concrete foundations; that in order to assist their daughter to establish a home, they consented to convey the appellant one-half of the land; that shortly thereafter the appellant reported to the complainant and her husband that he had consulted one William L. Moore, with a view of borrowing from him the money necessary to cover the cost of erecting a house on the property, and was informed that he, the said Moore, would require the cost of the house to be secured upon the entire acre of ground, the one-half being insufficient security for the debt arising out of the cost of the house; that in view of this fact, appellant requested that the entire acre of ground be conveyed to him, and proposed that if this was done, he would reconvey the other half to the complainant, to whom the said William A. Viar desired to give it, as soon as he could reduce the indebtedness sufficiently to get it released from the lien of the debt; that the complainant and her husband consented to this proposition upon the assurance of the appellant that he would comply with this condition, and thereupon, by deed dated January 10, 1917, of record in the clerk's office, they conveyed to the said appellant the entire acre of ground; that this conveyance was made with the express understanding with the said appellant, and upon his assurances that he

would reconvey the said half acre to this complainant as soon as he had reduced the indebtedness secured thereon sufficiently to get it released; that though often requested to do so, and though not denying his obligation to do so, appellant failed and refused to convey the said property to this complainant, notwithstanding the fact that the indebtedness secured thereon has been sufficiently reduced to get the said property released.

The bill then charges that the appellant, by reason of the terms and conditions under which the property was conveyed to him, holds one-half thereof in trust for appellee, and that she has a right to a conveyance thereof.

The appellant filed his answer to the bill, claiming to be the absolute owner of the land, and denied the allegations of the bill, that there was a trust agreement by virtue of which he was to convey one-half of the land to appellee.

When the case was called for submission, appellant moved the court to strike out all of complainant's evidence. This motion the court overruled.

A hearing of the cause on the merits being had, the trial court upheld the contention of the appellee and decreed that appellant convey to appellee the northern half of the property conveyed to appellant by William A. Viar, by ·deed dated January 10, 1917. From this decree this appeal was allowed.

The decision of the trial court sustaining the contention of the appellee that the land conveyed to appellant was impressed with an express trust is here attacked, on the ground urged in the trial court, that the parol agreement establishing the trust was incapable of proof for the following reasons:

1. Because such an agreement would violate the

parol evidence rule, being a variation of the terms of the deed.

2. Because invalidated by clause 6, section 5561 of the Code, requiring contracts for the sale of land to be in writing.

3. Because the present claim of the appellee is in contradiction of the conveyance to which she was a party.

To sustain the first and second contentions, *Eaves* v. *Vial*, 98 Va. 134, 34 S. E. 978, is relied on. The expressions there used, in regard to the enforcement of a parol agreement, were not essential to a decision of the case, as neither the statute of frauds nor the rule of law that the terms of a written instrument cannot be varied by parol evidence were relied on in the lower court, and, hence, could not be taken advantage of in the appellate court.

Whether or not the question raised by the first and second contentions is an open one in Virginia has been put at rest by the decision in *Young* v. *Holland*, 117 Va. 443, 84 S. E. 637. In that case, Mrs. Young, in 1911, purchased a certain house and lot, for which she paid cash, and directed the vendors to convey it to her daughter, Mrs. Holland. The bill, which she later filed, alleges that it was distinctly understood at the time of the purchase, and before the conveyance, that Mrs. Holland was to collect the rents and pay them over to Mrs. Young during her lifetime, and that Mrs. Holland took the land impressed with this trust and with the promise to account for the rents. Later, Mrs. Holland declined to account for the rents, contending that the deed is absolute on its face and that the rents are hers, notwithstanding the oral agreement, and accordingly the bill was filed. To this bill the daughter, Mrs. Holland, demurred, and her demurrer the trial court sus-

tained.   Thus there was presented to this court the
question often raised but not decided:   Can an express
trust in real estate be created in this State by a parol
agreement?

[1] The first question discussed by the court was that
raised by the appellant here, whether such a contract
was in fact a contract for the sale of real estate for-
bidden by the sixth section of the statute of frauds.
In stating the question, Judge Keith said:

"If they (trusts in lands) be within our statute of
frauds, then it must be by force of the sixth clause of
section 2840 (now section 5561) which says that 'no
action shall be brought in any of the following cases:
* * * Sixth.   To charge any person upon any con-
tract for the sale of real estate or for the lease thereof
for more than a year, unless it be in writing.' "

[2] The court, in an elaborate opinion, concludes that
at common law, before the enactment of the statute of
frauds, an express trust in lands could be created by
parol; that the seventh section of the English statute
requires a writing for the proof of an express trust in
lands, and the eighth excepts from its operation re-
sulting trusts, but as these sections have never been
enacted in Virginia, the matter of parol trusts rests as
it did at common law; that the omission of these sec-
tions was conclusive of the fact that the sixth section
did not exclude parol trusts, and held that the statute of
frauds in no way affected the case.

[3] The second point raised here, viz, that the ad-
mission of oral proof of the parol trust would violate the
parol evidence rule, is also ruled by the holding in
*Young* v. *Holland, supra.*   It is there said:

"Counsel for appellees have argued with great force
that to maintain the express trust by parol evidence
would violate that principle of law nowhere more closely

adhered to than in this State, that parol evidence cannot be admitted to vary, contradict, add to or explain the terms of a written agreement. If at the common law an express declaration of trust, such as is here sought to be established, was lawful, and if by the statute of frauds as adopted in this State the common law was not in this respect altered, then such an express declaration remains lawful. In the nature of things an oral declaration can only be established by oral evidence, and we do not think that the position can be maintained that an oral declaration of trust is sanctioned by our law and the only possible mode of proof is to be excluded; in other words, we cannot maintain a right and exclude the only mode of proof by which that right can be established."

In *Fleenor* v. *Hensley*, 121 Va. 367, 93 S. E. 582, *Young* v. *Holland*, *supra*, was approved.

[4] The last assignment is that the present claim of the appellee is in contradiction of the deed to which she was a party. Authorities are cited which hold that a parol trust cannot be established in favor of a grantor when its effect will be to contradict by the parol agreement the terms of the deed.

A contradiction of the deed is not involved in the instant case. Instead of seeking to impeach the deed, and if successful, obtaining merely a dower interest in the land, the appellee admits the deed in its entirety. There is no effort to vary its terms or contradict it. She claims, by and through it, a half interest in the land. She was a grantor only in the sense that it was necessary for her to unite in the deed in order to release her contingent right of dower. Code, section 5211. The trust was not to be created by her, but by her husband. The establishment of the trust will not affect the validity of the deed, but will add thereto by making the deed appellee's muniment of title.

[5] On the merits of the case, there can be but one conclusion. The proof demonstrates that at the date of the conveyance to appellant the land was worth $700; that the sum expended by appellant was $150; that it was the desire of Mr. Viar that his wife should be provided for in her old age; that the only inducing motive for a conveyance of the entire tract was to enable the appellant to provide a home for the daughter of the grantor. The rule of law that the declaration must be unequivocal and explicit, and established by clear and convincing testimony, has been fully complied with in the instant case.

We find no error in the decree complained of and it will be affirmed.

*Affirmed.*