# Richmond

OAKLEY PORTER, BY ETC. V. T. E. FROST, ET ALS.

January 15, 1945.

Record No. 2851.

Present, All the Justices.

The opinion states the case.

*A. E. Cooley*, for the appellant.

*S. B. Campbell* and *B. P. Goad*, for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

Oakley Porter, an infant who sues by her next friend, Barnet Porter, filed her original bill of complaint on March 16, 1929, against W. M. Frost and Elva E. Robinson (now Elva E. King), for the purpose of falsifying and surcharging the account of W. M. Frost, administrator of the estate of W. I. Robinson, deceased, and praying for a judgment against Frost, administrator, and his surety, Elva E. Robinson. Elva Frost Robinson King was the daughter of W. M. Frost, the widow of W. I. Robinson and the mother of appellant.

W. M. Frost, administrator, and his surety, Mrs. King, filed their answers to the bill of complaint. Numerous depositions were taken and a final hearing of the cause resulted in a judgment against the defendants, Frost and King, in the sum of $1,288.36.

On February 19, 1936, appellant filed an amended bill. This bill alleged the appointment of W. M. Frost as administrator of W. I. Robinson, deceased; that the former court proceedings resulted in the judgment above mentioned; and sought the aid of a court of equity in setting aside certain

deeds executed by W. M. Frost, on the ground of fraud and violation of the judgment rights of appellant.

Parties defendant to this supplemental bill of complaint were W. M. Frost, Elva E. King (*nee* Robinson), and the several grantees in the deeds sought to be set aside as fraudulent, viz., T. S. Frost, Sarah E. Frost, Alton W. Robinson and S. W. King.

There is also an allegation in the bill that certain personal property belonging to the estate of Robinson was appropriated by Frost.

An answer and demurrer were filed by defendants. The demurrer was overruled and the case was heard upon bill, answer, reports of the commissioner and depositions of witnesses.

The properties involved in this litigation are a tract of land containing eighty-one acres, situated in Carroll county and now owned by Alton W. Robinson; a house and lot, situated in the town of Wytheville, Virginia, and owned by T. S. Frost; and ten shares of stock in the Wythe County National Bank, now in the hands of T. S. Frost.

The decree appealed from recites the facts as found by the chancellor, and sets forth his reasons for the conclusion reached upon the facts as stated. The decree is as follows:

"Oakley Porter filed a supplemental bill in the original cause to enforce the collection of the judgment, and alleging fraud, seeking to set aside certain deeds executed by Wm. M. Frost and others, to-wit: A deed from Wm. M. Frost to his wife, Sarah E. Frost, whereby 81 acres of land was conveyed. A deed from Sarah Frost to Alton W. Robinson dated February 2, 1933, whereby the same 81 acres of land was conveyed to Alton W. Robinson. A deed from Wm. M. Frost to T. S. Frost, dated April 1, 1930, whereby a house and lot were conveyed to T. S. Frost. A deed from T. S. Frost to Sarah E. Frost, dated August 8, 1933. That depositions of witnesses were taken, the complainant calling the defendants, Alton W. Robinson, T. S. Frost and H. S. Robinson, father of Alton W. Robinson, as adverse witnesses, and their evidence revealed that Wm. M. Frost had about the

year 1923 executed and delivered a deed to the 81 acre tract to T. S. Frost, and that T. S. Frost declared his intention to have the deed recorded, and Wm. M. Frost proposed to trade him the house and lot in Wytheville for the 81 acres in Carroll County, and Wm. M. Frost executed a deed conveying the house and lot in Wytheville to T. S. Frost on April 1, 1930, and T. S. Frost returned the unrecorded deed back to W. M. Frost, which deed was never recorded. It further appearing from the evidence that W. M. Frost held a certificate of 10 shares of the capital stock in a bank at Wytheville, which was paid for out of the funds derived from the timber sold from the lands of his wife, Sarah Frost, and this certificate of stock was turned over to Alton W. Robinson for the amount that Wm. M. Frost owed him for several years work, and in consideration of the stock certificate of 10 shares valued at $1,000.00, W. M. Frost conveyed the 81 acres of land to his wife, Sarah E. Frost, reserving a life estate, then on February 2, 1933, Sarah E. Frost conveyed the 81 acres of land to Alton W. Robinson for a consideration of $1,500.00, and as part payment of this amount Alton W. Robinson gave the certificate of 10 shares of stock and paid in cash $250.00, and continued to work for and care for Wm. M. Frost and Sarah E. Frost until their death. Then, on August 8, 1933, T. S. Frost conveyed the house and lot to Sarah E. Frost for $1,000.00, taking the certificate of bank stock of 10 shares in payment of the land. Upon the death of Sarah E. Frost she devised the house and lot in the town of Wytheville to T. S. Frost with certain right to a son of Sarah Frost and brother to T. S. Frost who is in the Asylum at Marion, Virginia. While some of the deed only a nominal consideration was named for the consideration, yet, the evidence shows that value was paid for the property, and there is no evidence to contradict the evidence of these witnesses, and this being the case, the complainant has failed to prove her allegations of fraud. The evidence also reveals that Wm. M. Frost was quite an old man, and during the last stages of the original suit he thought

he had settled all matters between him and his granddaughter and so informed his people.

"The court being of opinion that the evidence introduced on behalf of complainant to support her allegations of fraud is insufficient, and complainant's supplemental bill is hereby dismissed, and that the defendants recover their costs in this behalf expended."

In *Redwood* v. *Rogers,* 105 Va. 155, 53 S. E. 6, we stated the applicable rule to be followed in cases where the question of fraud was involved. This rule which has been often reaffirmed, is as follows:

"The charge of fraud is easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed. It must be proved by clear and satisfactory evidence. It is true that fraud need not be proved by positive and direct evidence, but may be established by facts and circumstances sufficient to support the conclusion of fraud. But whether it be shown by direct and positive evidence, or established by circumstances, the proof must be clear and convincing, and such as to satisfy the conscience of the chancellor who should be cautious not to lend too ready an ear to the charge."

[2] While it is true that a decree based upon depositions is not entitled to the same weight as a decree based upon evidence heard *ore tenus*, it is also true that the decree based upon depositions is presumptively correct, and the burden is upon the losing party to rebut this presumption.

A careful examination of the incomplete record furnished us does show that the several conveyances were made long prior to the filing of any pleadings by appellant. It also demonstrates from the evidence that the grantees in the deeds did not have notice of the claim against Frost, and, therefore, were not put on notice of any fraudulent intent upon his part.

In *Flook* v. *Armentrout,* 100 Va. 638, 42 S. E. 686, we said: "But while the fact of notice may be inferred from circumstances as well as proved by direct evidence, yet the

proof must be such as to affect the conscience of the purchaser, and be so strong and clear as to fix upon him the imputation of *mala fides*."

It may be conceded, as found by the chancellor, that the deeds show only a nominal consideration was paid by the grantees. However, it is further shown by the evidence that a valuable consideration was actually paid and there is no specific contradiction of the evidence. The only contradiction interposed by appellant is the inference she seeks to draw from circumstances surrounding the transactions. This is not sufficient. The burden was upon appellant to establish by direct or circumstantial evidence a case of fraud. This she failed to do.

For the reasons stated, the decree will be affirmed.

*Affirmed.*