# Richmond

ERWIN P. PEAL v. ROBERT L. LUTHER, ET AL.

April 26, 1957.

Record No. 4662.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*Robert Cantor* (*Cantor, McMullan & Cantor*, on brief), for the appellant.

*L. A. Belcher (Elmore & Belcher*, on brief), for the appellees.

HUDGINS, C. J., delivered the opinion of the court.

Erwin P. Peal filed his bill in chancery against Robert L. Luther, alleging, *inter alia*, that he was the sole equitable owner of an apartment house known as 219 South Third Street, Richmond, Virginia, and praying that the legal title thereto, which was held by Robert L. Luther, be conveyed to him. Robert L. Luther filed an answer and cross bill in which he admitted that he was the holder of the bare legal title to the property, but claimed that he held the same in trust for his mother, referred to as Nora Peal, who died intestate on September 23, 1948, leaving him and four other children by her first husband, Charles Taylor Luther, and another child, Nora Peal Fowler, by Erwin P. Peal, as her heirs at law. The prayer of the cross bill was that the children of Nora Peal be made parties to the cause and that the court declare them to be the owners in fee of the property. The court by a proper order made the heirs at law of Nora Peal parties to the suit.

Upon the pleadings and the depositions duly taken and filed by the parties, the learned Chancellor entered a decree dismissing complainant's bill and declaring that Robert L. Luther held the property "upon a resulting trust for the benefit of the heirs of Lenora Elkin Luther, (also known as Nora Peal);" that Erwin P. Peal was not legally married to Lenora Elkin Luther, and ordering Robert L. Luther and his wife to unite in a proper deed conveying the property to himself and the other five children of his mother. From that decree Erwin P. Peal obtained this appeal.

The only error assigned is that the decree dismissing the bill of complaint and declaring that Robert L. Luther held the property in trust for the sole benefit of the heirs at law of Nora Peal, is contrary to the law and the evidence.

Robert L. Luther admits that he paid no part of the purchase price and that he accepted legal title to the property under an express parol agreement to hold it in trust. The decisive question in dispute is whether he agreed to hold title for the joint benefit of Erwin P. Peal and Nora Peal or for the sole benefit of one of them to the exclusion of the other.

[■■] There is a well defined distinction between a resulting trust and an express trust. A resulting trust is created where a party

makes or causes to be made a transfer of property under circumstances from which it is inferred that he did not intend that the transferee should have the beneficial interest in the property. An express trust is created where it is established that there was an affirmative intention to create it. In other words, a resulting trust is based on a presumption or inference of law from the circumstances, while an express trust is based on proof of the declared intention of the trustor. *Young* v. *Holland,* 117 Va. 433, 84 S. E. 637; *Woods* v. *Stull,* 182 Va. 888, 30 S. E. 2d 675; 19 Michie's Jur., Trusts and Trustees, § 5 *et seq.,* p. 50 *et seq.;* 54 Am. Jur., Trusts, § 187, p. 146; 89 C. J. S., Trusts, § 11, p. 722; 2 Restatement of the Law of Trusts, § 404, p. 1246. See also, *Kellow* v. *Bumgardner,* 196 Va. 247, 83 S. E. 2d 391.

It is well settled in this jurisdiction that an express trust in land may be established by parol. *Ingles* v. *Greear,* 181 Va. 838, 27 S. E. 2d 222; *Va. Trust Co.* v. *Minar,* 179 Va. 377, 18 S. E. 2d 879; *Jackson* v. *Greenhow,* 155 Va. 758, 156 S. E. 377; *Daniel* v. *Viar,* 147 Va. 323, 137 S. E. 526; *Brame* v. *Read,* 136 Va. 219, 118 S. E. 117; *Young* v. *Holland, supra.*

A decree based upon depositions is not entitled to the same weight as a decree based upon testimony heard *ore tenus;* however, such a decree is presumed to be correct and the burden is upon the losing party to rebut the presumption. *Porter* v. *Frost,* 183 Va. 549, 32 S. E. 2d 687; *Lavenstein* v. *Plummer,* 179 Va. 469, 19 S. E. 2d 696.

There is some testimony tending to prove that Robert L. Luther agreed to hold the title for the sole benefit of his mother, Nora Peal, but the preponderance of the evidence proves that he accepted title to the property under an express trust for the joint benefit of Erwin P. Peal and Nora Peal.

In 1907 Lenora Elkin married Charles Taylor Luther, by whom she had five children. She left him in 1919 or 1920, and on February 15, 1921 went through a marriage ceremony with Erwin P. Peal, in the county of El Paso, Texas, with whom she lived as his wife until her death in 1948. For a number of years all the children of the former marriage, except one, lived with their mother and Erwin P. Peal. Several of the children made their home with them after they moved to 219 South Third Street in Richmond. Nora Peal Fowler, the only child of Erwin P. Peal and Nora Peal, lived with her parents on the property until her mother's death and was living there when her deposition was taken in this case.

On August 19, 1932, the property, containing five apartments, was conveyed to Erwin P. Peal and Nora Peal who, as a part of the purchase price, assumed the payment of an outstanding obligation that was secured by a deed of trust on the property. The parties then or soon thereafter moved into one or more of the apartments and occupied it as a home. On July 25, 1936, Erwin P. Peal was declared a bankrupt and failed to pay the notes secured by the deed of trust. He and Nora Peal were told by a real estate agent, E. F. Schmidt, that if they desired to save their interest in the property, they should permit it to be sold under the deed of trust and to arrange to have it purchased by some member of the family who would hold it in trust for their benefit.

One E. V. Askew purchased the property and by deed dated June 21, 1937, conveyed the same to Robert L. Luther, the son of Nora Peal. Luther, on the same date, executed two deeds of trust conveying the property to E. F. Schmidt and A. D. Smith, Jr., trustees. The first deed of trust was executed to secure the payment of $4,500, evidenced by 52 notes signed by Robert L. Luther and endorsed by Erwin P. Peal and Nora Peal, and the second was executed to secure the payment of $1,500 evidenced by 60 notes, signed and endorsed by the same parties.

Erwin P. Peal testified that in 1937, after he had been declared a bankrupt, he was behind in the payment of his debts, he could not borrow money until his affairs were straightened up and that he and his wife did not want to lose the property. They acted on Schmidt's suggestion and had the title conveyed to Robert L. Luther, who executed two deeds of trust and the purchase money notes. He and Nora Peal endorsed the notes and agreed to pay the same with the understanding that Luther would not be responsible for their payment and would reconvey the property to them upon request.

Robert L. Luther corroborated the foregoing testimony of Erwin P. Peal in all particulars, except he said he accepted legal title to the property on the request of his mother for the purpose of saving it as a home for her and her children.

Edward F. Schmidt, the real estate agent who first sold the property to the Peals in 1932 and arranged the sale and loan of the purchase money in 1937, testified that his memory was rather hazy about the whole matter, but his recollection was that in a conference with Erwin P. Peal, his wife and a man named Luther, it was arranged to put the property in Luther's name. He said: "We didn't look to

him [Luther] for any of the payments and when the account was delinquent we always wrote to Mr. Peal. * * * We looked only to Peal for the payment of those notes."

It appears that Nora Peal was the treasurer of her family, consisting of herself, Erwin P. Peal, her daughter by him and at times several of her children by her first husband. She, from the time the property was purchased in 1937 until her death in 1948, supervised the leasing of the property and the collection of the rent. Erwin P. Peal, though not working all the time, turned over his pay check every week to Nora Peal, who kept the money received from the rents and the proceeds from her husband's pay check in the house or on her person. Out of this pool of resources she paid the living expenses of the family, expenses of the upkeep of the property, taxes, insurance and made payments on the purchase money notes.

Since the death of Nora Peal in 1948, Erwin P. Peal has continued to live on the property; indeed, is now occupying it with his daughter and present wife. He has collected the rents, made some repairs and has made payments on the purchase money notes, leaving an unpaid balance of approximately $2,000.

The preponderance of the evidence clearly shows that in 1932, Erwin P. Peal and Nora Peal acquired the equity of redemption in the property as joint tenants. In 1937 they jointly arranged to preserve their respective rights in the property by causing the bare legal title to be conveyed to Robert L. Luther. They agreed to pay and have paid all the purchase money notes that have been paid, with Erwin P. Peal making the necessary cash payment when Luther took title to the property in 1937. Although the children of Nora Peal knew that Erwin P. Peal was occupying the premises as a home and collecting the rents therefrom, they made no claim to the property until this suit was instituted by him to establish his rights therein. The declared intention of the parties, their relation, the circumstances under which title was conveyed to Robert L. Luther and the subsequent actions of the parties prove that he accepted title to the property pursuant to an express parol trust for the benefit of Erwin P. Peal and Nora Peal. Upon the death of Nora Peal, her children inherited her beneficial interest in the property, and now Robert L. Luther holds the legal title for the benefit of Erwin P. Peal and the heirs at law of Nora Peal.

It is conceded that Louise Lenora Luther, also known as Nora Peal, was not divorced from her first husband, Charles Taylor Luther,

until the March term, 1923, of the Superior Court of Cumberland County, North Carolina, after she had gone through a marriage ceremony with Erwin P. Peal on February 15, 1921, in Texas. It follows that Erwin P. Peal was not the legal husband of Nora Peal and is not entitled to curtesy in any real estate of which she died seized and possessed.

For the reasons stated, that part of the decree declaring that Erwin P. Peal was not the legal husband of Nora Peal is affirmed; that part of the decree dismissing the bill of complaint and declaring that Robert L. Luther holds the legal title to the property for the sole benefit of the children of Lenora Elkin Luther, also known as Nora Peal, is reversed and the case remanded for further proceedings in accord with the views herein expressed.

*Affirmed in part; reversed in-part, and remanded.*