John R. W. STERLING, Appellant,

v.

Leroy J. BLACKWELDER and Mary Louise Blackwelder, his wife, and P. David Sterling, Appellees.

No. 11243.

United States Court of Appeals Fourth Circuit.

Argued June 21, 1967.

Decided Sept. 15, 1967.

Richard M. Millman, Washington, D. C., for appellant.

Leroy J. Blackwelder and P. David Sterling, appellees pro se.

John T. Hazel, Jr., Fairfax, Va. (Hazel & Hanes, Fairfax, Va., on the brief) for appellee Mary Louise Blackwelder.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

This is an appeal from a decision of the district court adjudicating, *inter alia,* the respective interests of appellant and appellees [1] in Moorefield Farm, approximately one hundred and twenty four acres of land in Fairfax County, Virginia. We relate below only the facts found by the district court necessary to consideration of the specific issues on appeal. An exhaustive statement is contained in the unpublished opinion of the district court.

The district court found that Leroy Blackwelder and David Sterling had been associated since 1950 in numerous "building" ventures including the development of Moorefield Farm. David Sterling contributed most of the money for their activities while Blackwelder furnished the development know-how with profits to be split evenly between them. There was an oral agreement to develop Moorefield Farm on this basis.

David Sterling deeded Moorefield Farm to Leroy Blackwelder on November 21, 1955, "to be held by him as security re its future development," according to the district court. This deed was recorded on August 6, 1956. Shortly thereafter, on October 31, 1956, Leroy Blackwelder deeded Moorefield Farm without consideration to his wife, Mary Louise

---

1. This suit was brought by appellant, John R. W. Sterling, on February 10, 1964. Named as defendants were P. David Sterling, the appellant's brother, Leroy J. Blackwelder and his wife, Mary Louise Blackwelder. Federal jurisdiction is based on diversity of citizenship of the parties.

Blackwelder, in order to defeat his judgment creditors.

The district court, "satisfied, by clear and convincing evidence," adjudged that Mary Louise Blackwelder held title to Moorefield Farm in trust for the use and benefit of David Sterling and Leroy Blackwelder. The court's conclusion followed from its finding that Mary Louise Blackwelder had taken title to Moorefield Farm without consideration and with knowledge of the oral trust agreement pursuant to which it had been deeded to her husband, Leroy Blackwelder. The district court found that the oral trust agreement provided that Leroy Blackwelder was to develop Moorefield Farm and hold title to it for the benefit of David Sterling and as security for compensation for his own development services which was to equal fifty percent of the profits realized.[2]

The district court made the further finding that Leroy Blackwelder had "substantially enhanced" the value of the farm by having it rezoned, but that further development has been delayed because of legal proceedings. The claim that Leroy Blackwelder had breached his agreement to develop Moorefield Farm was found to be without substance.

The district court recognized in its judgment that appellant John Sterling was by reason of an assignment from his brother David, confirmed in a writing of February 10, 1964, entitled to one-half of his brother's interest in Moorefield Farm. The district court denied John Sterling's prayer for rescission of the original development agreement, refused to declare the oral trust rescinded, and denied an accounting. Appellant, John Sterling, appeals from these adverse rulings and from the award by the district court of substantial trustee fees to Mary Louise Blackwelder. No appeal was taken from the remainder of the district judge's decision. We affirm in part, reverse in part, and remand.

■ Appellant, John Sterling, does not challenge the district court's characterization of Mary Louise Blackwelder as a trustee holding Moorefield Farm for the benefit of Leroy Blackwelder, David Sterling, and the appellant by reason of the assignment from David. We cannot say that the district court was clearly in error in finding that Leroy Blackwelder received title to Moorefield Farm on oral trust. Virginia is one of a minority of American jurisdictions which will enforce an express trust in real estate created by a parol agreement. See, e. g., Peal v. Luther, 199 Va. 35, 97 S.E.2d 668, 669 (1957); Young v. Holland, 117 Va. 433, 84 S.E. 637 (1915); see generally 1 Scott, Trusts § 44 (2d ed. 1956). And it is the general rule that one who takes property impressed with a trust either without consideration or with notice of the trust receives ownership subject to the equitable interest—as constructive trustee or otherwise. See Cochran v. Hiden, 130 Va. 123, 107 S.E. 708, 714 (1921); Hobson v. Whitlow, 80 Va. 784 (1885); 3 Scott, Trusts §§ 288, 289 (2d ed. 1956).

## TRUSTEE FEES

■■ Mary Louise Blackwelder is, at most, a constructive trustee holding naked legal title to the trust corpus. She admitted before the district court that it was her husband, Leroy, who dealt with and developed Moorefield Farm during the period they were living together. Since the record does not indicate that she performed substantial services beneficial to the res, we hold that it was error for the district court to adjudge that Mary Louise Blackwelder was entitled to substantial trustee fees.

■■ The district court, on remand, may however, determine within its sound discretion whether under Virginia law Mrs. Blackwelder is entitled to *nominal* compensation as trustee of this naked trust and to recover any actual expense that may have been incurred by her. See Va.Code § 26–30; Wilson v. Whitehead, 181 Va. 960, 27 S.E.2d 213, 216 (1943); Patterson v. Old Dominion Trust

2. Compare Winder v. Nock, 104 Va. 759, 52 S.E. 561, 3 L.R.A.,N.S., 415 (1906).

Co., 156 Va. 763, 159 S.E. 168 (1931); Harrison v. Manson, 95 Va. 593, 29 S.E. 420 (1898). In making this determination, the court should take into account that Mrs. Blackwelder has maintained unjustifiably, that she had beneficial title to the trust property.

As stated in Bogert on Trusts: "If a trustee was a passive or inactive trustee or performed only formal acts of administration, a refusal of compensation is natural. Obviously he should not be paid for performing acts in violation of the trust, but only for performing duties expressly or impliedly placed upon him by the trust instrument." Bogert, Trusts § 977, at 382 (2d ed. 1962).

## ACCOUNTING

■ The district court denied appellant, John Sterling, an accounting for profits derived from Moorefield Farm when David Sterling and Leroy Blackwelder withdrew their respective motions for the same. John Sterling, as assignee of one-half of his brother David's interest in Moorefield Farm, has a sufficient financial and legal interest in the affairs of the trust to be entitled to an accounting. See Bogert, Trusts § 970 (2d ed. 1962); 2 Scott, Trusts §§ 132–32.2 (2d ed. 1956). Moreover, David Sterling and Leroy Blackwelder now join in his request for an accounting in their pro se brief filed in this court. We hold that, in view of the change of position of David Sterling and Leroy Blackwelder and the financial entanglement in which the parties are enmeshed, the district judge, on remand, should order a full accounting.

## RESCISSION

The principal issue on this appeal as framed by the appellant, John Sterling, is whether he is entitled to have rescission of the oral trust, leaving him and his brother, David, with the entire beneficial interest as tenants-in-common of the underlying fee in Moorefield Farm.

■ One is entitled to rescission of a trust on "the same grounds upon which a transfer of property not in trust can be rescinded * * *." Restatement (Second) of Trusts § 333; see 3 Scott, Trusts §§ 333–33.5 (2d ed. 1956). Therefore, when created in exchange for consideration, a trust may be rescinded only in circumstances where a transfer for consideration not in trust could be rescinded. These include, in addition to fraud, duress, undue influence, and mistake, complete or substantial failure of performance. See 3 Scott, Trusts §§ 333–33.5 (2d ed. 1956).

John Sterling asserts that he is entitled to rescission on the grounds that Leroy Blackwelder denied David Sterling's rights and his own rights, as assignee from David, in the trust property. This, he maintains, amounted to abandonment by Leroy Blackwelder of the original oral agreement establishing the trust. In addition, it is urged that Leroy Blackwelder's claim of the trust property for his own constitutes a breach of trust which requires forfeiture of the fifty percent interest in the profits to which Leroy Blackwelder was entitled under the trust agreement. These assertions are predicated on the position of Leroy Blackwelder in this suit. He has maintained that he was the beneficial owner of all of Moorefield Farm as he had purchased the interests of the Sterlings in the property and had placed the title to the property in his wife's name to defeat judgment creditors.

The issue then boils down to whether Leroy Blackwelder's breach of trust in claiming plenary ownership of the trust property, within the circumstances of this case, required the district court to grant a rescission or otherwise terminate the trust. We believe not.

■ The remedy of rescission is equitable in nature and is granted or denied within the sound discretion of the trial court. See Frazier v. Campbell, 1 Va.Dec. 165 (1879); 13 Am.Jur.2d Cancellation of Instruments §§ 2–3 (1938); 12 C.J.S. Cancellation of Instruments §§ 2–3 (1938). We are unable to hold that the district court abused its discretion in refusing to grant rescission for "each case must be dealt with in the light of its

own circumstances." Newton v. Newton, 199 Va. 654, 101 S.E.2d 580, 585 (1958).

There has been no failure of consideration in the sense that there has been a refusal to develop Moorefield Farm; quite the contrary, the district court found that Leroy Blackwelder had substantially enhanced its value. Moreover, David Sterling, the settlor of the trust, owner of twenty-five percent of its beneficial interest, and the assignor of appellant's interest does not wish a rescission.[3] We think the district judge was better positioned than are we to balance the equities among these parties—none of whom appears wholly innocent[4] of overreaching—and we decline to reverse his considered judgment.

 Although we believe the facts do not require that the trust be terminated, they do make it appropriate for the district court, on remand, to compel henceforth the proper administration of the trust. Compare Rinkers' Adm'r v. Simpson, 159 Va. 612, 166 S.E. 546 (1932).

 The main thrust of the attack in the district court was to rescind or otherwise invalidate the trust. Thus, the district court was not called upon to carefully consider, in the interest of proper administration, the possibility of substituting a trustee who might be able to overcome the obvious animosity between the parties and facilitate harmonious cooperation. Although we will not, on this record, ourselves order the removal of Leroy Blackwelder as the active trustee, we think that the district court, on remand, might properly consider whether such a course would be in the best interest of the trust estate and the various parties. See Va.Code §§ 26–48, –52; 1 Scott, Trusts § 107 (2d ed. 1956).

It is not impossible that Leroy Blackwelder could effectively contribute his unique personal services in development of the property under the supervision and control of an independent and disinterested trustee. Nor is it impossible that the district court, in the exercise of its broad equity power, and within the framework of the law of trusts, might well determine that the relationship of the parties and their mutual distrust justifies a termination of the trust and physical partition of the property on an equitable basis. These are matters within the sound discretion of the district judge. His far greater familiarity with the litigation puts him in a position better than ours to determine what is best for all of the litigants.

To reiterate, we hold: (1) that Mrs. Blackwelder holds only naked legal title to the Moorefield Farm; (2) that she may be entitled, at most, to nominal compensation as trustee and to recover actual expenses incurred by her, if any; (3) that Leroy Blackwelder, after reconveyance required of Mrs. Blackwelder, or judgment of the court invalidating her title, will then hold title to Moorefield Farm as trustee under an oral trust for his own benefit and for the benefit of John and David Sterling; (4) that an accounting is necessary and will be required by the district court; and (5) that the relation of the parties and the situation is such that the district court may determine that it should substitute for Mr. Blackwelder a more suitable trustee to assure the proper administration of the estate or even that it is justified in ordering a termination of the trust and a physical partition of the property between those entitled to share in it.

Affirmed in part, reversed in part, and remanded.

3. Somewhat incredibly, since argument in the Court of Appeals, David Sterling, by letter addressed to Chief Judge Haynsworth dated July 2, 1967, now takes the position that the property is *owned* by Leroy Blackwelder.

4. The district court observed that "[b]oth Blackwelders and the P. David Sterlings have knowingly given false testimony re the ownership of the farm in this and other courts when and as it best served their then interests. The best that can be said for John R. W. Sterling is that he knowingly failed to tell the whole truth when he had the opportunity to so do."