360 F.2d 462
 CAPITAL INVESTORS CO., Marian A. Morrison and Arthur R. Morrison, Appellees,
v.
Malcolm B. DEVERS, Appellant.
CAPITAL INVESTORS CO., and Marian A. Morrison, Appellees,
v.
Arthur R. MORRISON, Appellant.
CAPITAL INVESTORS CO., and Arthur R. Morrison, Appellees,
v.
Marian A. MORRISON, Appellant.
 No. 10218.
 No. 10220.
 No. 10221.
 United States Court of Appeals Fourth Circuit.
 Argued March 8, 1966.
 Decided May 2, 1966.
 
 Wallace L. Schubert, Washington, D. C. (John Dalonas, Arlington, Va., on brief), for Malcolm B. Devers.
 Joseph B. Hyman, Alexandria, Va. (M. Patton Echols, Jr., Arlington, Va., on brief), for Arthur R. Morrison.
 James C. McKay, Washington, D. C. (Ralph J. Luttrell, R. Harrison Pledger, Jr., James vanR. Springer, and Covington & Burling, Washington, D. C., on brief), for Marian A. Morrison.
 Keith L. Seegmiller, Washington, D. C., for Capital Investors Co.
 Before BOREMAN and BELL, Circuit Judges, and CRAVEN, District Judge.
 CRAVEN, District Judge.
 These are three appeals from a final decision of the district court quieting title to certain real estate known as the "Rosslyn Property" in Capital Investors Company (hereinafter called Capital). The Rosslyn property is located in Arlington County, Virginia, and its value is considerable — perhaps as much as $1,000,000.00.
 The parties are as follows:
 Arthur Morrison and his now divorced wife, Marian Morrison. Prior to 1962 they were sole owners of the Rosslyn property subject only to two deeds of trust (securing an indebtedness of $95,000.00), the validity of which is not in controversy;
 Malcolm B. Devers, a long-time friend and sometimes business associate of Arthur Morrison. The first of several conveyances of the Rosslyn property, with which we are concerned, was made to Devers on June 29, 1962. This conveyance was held by the district court to be in trust and not in fee simple as Devers contends;
 Charles Fairchild, a real estate broker, to whom Mr. Morrison attempted to execute a 99 year lease of the Rosslyn property in March 1963. The lease was held to be null and void by the district court. Fairchild has abandoned his appeal;
 James T. Benn, sole owner of Capital — a shell corporation with no assets whatever except the leasehold interest in the Rosslyn property, the validity of which is the central issue in these appeals.
 This litigation arose out of the disruption of the marriage between Marian and Arthur Morrison. Prompted by dissolution of their marriage, the Morrisons commenced a series of transactions in June 1962 with respect to the Rosslyn property. They were then joint owners of the property, either directly or through their wholly owned corporations,[1] subject to the previously mentioned two deeds of trust. For many years Mr. Morrison had been engaged in real estate speculation, and was apparently successful in many of his ventures. The Rosslyn property and a tract of land in Brevard County, Florida, represented the principal fruits of his enterprise. In working out the details of a marriage settlement, Mrs. Morrison gave up any claim to the Florida land, and the settlement was built around the Rosslyn property.
 On June 29, 1962, the Morrisons conveyed record title in the property to Malcolm B. Devers, pursuant to an agreement executed on June 6, 1962. Mrs. Morrison received $180,000.00 in notes secured by a deed of trust on the Rosslyn property. She also received $10,000.00 in cash. The agreement contained a provision allowing Mrs. Morrison to take back all the property in the event of default in payments by Devers on her notes, or upon Dever's failure to keep up payments on the notes secured by the two recorded and valid deeds of trust amounting to $95,000.00. This was to be accomplished by Mrs. Morrison's filing an affidavit of default in the Arlington County land records. Such an affidavit was filed, but the district court held it ineffective and null and void.
 Sometime during the latter part of 1962 or early 1963, Mr. Devers was asserting unconditional ownership of the Rosslyn property. Its value had by this time appreciated sharply due to changes in zoning. Ignoring record title in Devers, and fearful that Devers was about to dispose of the property in some way, Mr. Morrison, in March 1963, executed a 99 year lease of the property to Mr. Fairchild. The district court held the purported lease was intended only to prevent conveyance by Devers and that it was invalid. Shortly thereafter, Mr. Morrison was introduced to James T. Benn (sole owner of Capital), which led to yet another conveyance of the Rosslyn property — this time from Mr. Morrison to Capital on May 18, 1963. Again, this conveyance ignored record title in Devers and also ignored Mrs. Morrison's interest (in the event Devers' title proved invalid), and the lease to Fairchild. Under this agreement, Mr. Morrison received from Capital two promissory notes, one for $100,000.00 and one for $1,000,000.00. Both were interest bearing notes. Within a week, however, these notes were cancelled and others of smaller denomination issued which did not call for the payment of interest.
 Morrison and Capital, reflecting on this conveyance, decided, apparently that they must get Mrs. Morrison to join in the conveyance. She was brought into the picture and affirmed Mr. Morrison's conduct in ignoring: (a) the Devers conveyance, (b) the purported default by Devers and vesting of title in Mrs. Morrison, and (c) the lease to Fairchild. Together they then ignored Mr. Morrison's purported conveyance to Capital and joined in new conveyances of the Rosslyn property to Capital. The new conveyances, and the contract of sale dated July 29, 1963, contemplated that Capital would pay $500,000.00 to each of the Morrisons for their respective interests in the Rosslyn property. Capital gave each of the Morrisons promissory notes as evidence of its indebtedness. The district court held the conveyance of the Rosslyn property valid, but required Capital to execute a deed of trust on the property to secure its $1,000,000.00 obligation. One question on this appeal is whether the notes given by Capital under this latest contract of sale were interest bearing. The district court held that they were not.
 In summary, the district court decreed as follows:
 (1) That under the deed of the Rosslyn property on June 29, 1962, Devers became trustee of the legal title for the benefit of the Morrisons;
 (2) That the promissory notes given by Devers to Mrs. Morrison dated June 29, 1962, in the amount of $180,000.00 were invalid;
 (3) That the affidavit of default executed and recorded by Mrs. Morrison in the Arlington County land records on July 23, 1963, was void and of no effect;
 (4) That the Fairchild lease dated March 10, 1963, was invalid;
 (5) That the conveyance of May 18, 1963, of the Rosslyn property by Mr. Morrison to Capital was invalid;
 (6) That the deeds of Mr. and Mrs. Morrison dated July 29, 1963, and July 25, 1963, respectively, conveying the Rosslyn property to Capital were valid and binding;
 (7) That the notes issued by Capital to the Morrisons under the contract of sale of July 29, 1963, were not interest bearing;
 (8) That title to the Rosslyn property be quieted and vested in Capital.
 The decision of the district court that Devers held the Rosslyn property as trustee by reason of the conveyance to him on July 29, 1962, and not as fee simple owner is not clearly erroneous and will not be disturbed. Although the deed to Devers was absolute on its face, there is extensive evidence in the record from which the district court could conclude that a trust had been created. Peal v. Luther, 199 Va. 35, 97 S.E.2d 668 (1957); see Parkerson v. Chapman, 179 F.2d 208 (4th Cir. 1950), cert. denied 339 U.S. 953, 70 S.Ct. 841, 94 L.Ed. 1366 (1950). The district court correctly decided that the trust was terminated by the Morrisons in 1963 when they conveyed the property to Capital. As beneficiaries and settlors of the trust, the Morrisons, by acting in concert, could terminate the trust at any time. To do so, it was only necessary that they act as they did — in such a manner as to unequivocally indicate that Devers' trusteeship was ended. Rowley v. American Trust Co., 144 Va. 375, 132 S.E. 347, 45 A.L.R. 738 (1926).
 Since Devers got only naked legal title as trustee, the Devers notes in the amount of $180,000.00 were unsupported by consideration, and the district court correctly voided them.
 The decision of the court voiding the affidavit executed and recorded on July 23, 1963, by Mrs. Morrison, whereby she sought to acquire fee simple title to all the Rosslyn property by foreclosure proceedings, is not clearly erroneous. The Morrisons were beneficiaries under a trust. Mrs. Morrison could not by summary foreclosure act in derogation of Mr. Morrison's beneficial interest in the property. Moreover, her subsequent conduct in joining with Mr. Morrison in a conveyance to Capital recognized the ineffectiveness of her abortive foreclosure.
 The district court's decision that the Fairchild lease of March 5, 1963, was invalid is not clearly erroneous. There is extensive evidence in the record to show that the lease was made in violation of Virginia law and was fictitious, i. e., drawn and executed only because of Mr. Morrison's fear that Mr. Devers was attempting to dispose of the Rosslyn property and to hinder Devers. The district court's decision that it was not intended by the parties to be a valid lease is supported by substantial evidence.
 The May 18, 1963, unilateral conveyance by Mr. Morrison of the Rosslyn property to Capital was held by the district court to be null and void. Its decision is obviously correct, as Mr. Morrison could not convey more than he owned.
 The deeds to the Rosslyn property given to Capital at separate times by both Mr. and Mrs. Morrison were held valid. That the deeds were not procured by fraud is supported by the evidence, and the decision of the court is not clearly erroneous.
 It follows, of course, that the notes issued by Capital to the Morrisons are valid obligations. It was proper, in the exercise of its equitable jurisdiction, and considering that Capital was an empty corporate shell, for the district court to require Capital to execute a deed of trust to secure the obligation. In return, the district court properly quieted title in Capital.
 We affirm the decision of the district court in all respects with the exception of what follows:
 By letter dated March 16, 1965, the district court refused to allow the Morrisons interest on the notes given them by Capital under the contract of sale of July 29, 1963.
 Mrs. Morrison agreed to convey to Capital her interest in the Rosslyn property, and Capital agreed to pay $500,000.00 to her. The contract of sale begins with more than four pages of recitals setting forth the various transactions involving the Rosslyn property which had taken place since June of 1962. The eleventh paragraph states that "CAPITAL INVESTORS CO. does hereby agree to make, execute and deliver to MARIAN A. MORRISON twenty-five promissory judgment notes, each in the amount of $20,000 aggregating the sum of $500,000, upon the same terms and provisions as the notes delivered and received by ARTHUR R. MORRISON on May 18, 1963, and reissued on May 25, 1963, from CAPITAL INVESTORS CO." (Emphasis Added)
 The Notes issued to Arthur Morrison on May 18, 1963, provided for interest at the rate of six percent per annum. The reissued notes, dated May 25, 1963, were silent with regard to interest. Therefore, the contract of sale of July 29, 1963, is ambiguous, since it refers to both groups of notes — one of which bore interest, and one of which did not.
 In cases such as this, where an agreement is vague, ambiguous, or indefinite, parol evidence is admissible to establish the real contract. Utica Mutual Ins. Co. v. Rollason, 246 F.2d 105 (4th Cir. 1957); see also Shockey v. Westcott, 189 Va. 381, 53 S.E.2d 17 (1949). There is in the record of this case testimony by Mrs. Morrison that Benn (acting for Capital) had "indicated a number of times that he would pay interest on these notes." There is also testimony by Mr. Morrison that although his reissued notes dated May 25, 1963, bore no interest, they were improperly drawn and were to be redrawn to include interest. We do not understand that the district court rejected this testimony as lacking in credibility.
 Under the July 29th agreement, Capital was entitled to possession of the property. We think it manifestly unjust that it should have the right of possession, carrying with it the right to rents, and at the same time retain and use for its own benefit the purchase money without paying interest on it. Cohen v. Jenkins, 125 Va. 635, 100 S.E. 678 (1919); Parker v. Murphy, 152 Va. 173, 146 S.E. 254 (1929). It is true that Devers has remained in possession of the property pending this litigation, but Capital has filed a claim against him for all rents collected. This claim will be heard in the forthcoming accounting proceeding in the district court. If Capital retroactively gains the benefits of possession, we think it must either account for the rents or pay interest on the purchase money for the same period. In any event, Capital will be held either to account for rents or pay interest for the forthcoming period during which it has the right of possession.
 The decision of the district court that no interest is allowable on the notes is vacated. On remand, the district court will determine, in the exercise of its equitable jurisdiction, whether to allow the Morrisons rents or interest on the purchase money.
 Affirmed in part, reversed in part, and remanded.
 
 
 
 Notes:
 
 
 [1]
 Morco, Morrison & Company and Vadico Terminals