**Salem**

DORIS KATHRYN KELLNER ROBINETTE

v.

JEFFERSON M. ROBINETTE, JR.

No. 0967-85

Decided April 7, 1987

COUNSEL

Carr L. Kinder, Jr. (Bird, Kinder & Huffman, on brief), for appellant.

Charles B. Phillips (Phillips, Doherty & Swanson, on brief), for appellee.

OPINION

**COLEMAN, J.** — Doris Kathryn Kellner Robinette presents three issues in this appeal of a divorce decree: (1) whether the court erred in refusing to consider parol evidence to establish the existence of a trust on real property; (2) whether the court erred in the classification and evaluation of marital and separate property and in the equitable distribution award; and (3) whether the spousal support award was sufficient. We find that the trial court did not err in refusing to declare the existence of a trust on the real property. We further find that the trial court necessarily classified and evaluated the marital and separate property, but in making the monetary award failed to consider the equities of the parties in certain marital real estate. Accordingly, we reverse and remand the question of equitable distribution. Finally, because the court erred in the equitable distribution determination, the spousal support award must necessarily be reconsidered upon remand.

The Robinettes separated after more than thirty-seven years of marriage. The court granted a final divorce on the ground of a one year separation. The parties agreed upon a division of their tangible personal property but left to the court the issue of equitable distribution of the real and intangible personal property and the

issue of permanent spousal support. The property to be considered in making any monetary award consisted of a lot in Florida; two burial plots; a farm in Giles County, Virginia; and a profit sharing, pension, and stock program.

The Florida lot was valued at between $6,000 and $7,000. No value was stated for the burial plots. The major real asset and center of controversy was a farm in Giles County which had been in Mrs. Robinette's family since 1793. Mrs. Robinette's mother, Mrs. Kellner, conveyed the farm to her in 1960, at which time Mrs. Kellner purportedly expressed orally a desire that one-half of the farm be held for the benefit of Mrs. Robinette's brother. About fifteen years later, to build a house on the farm Mrs. Robinette and her brother contributed $10,000 each from money they inherited from their mother. The remaining $35,000 construction cost was provided jointly by Mr. and Mrs. Robinette. After Mr. Robinette made this monetary contribution, Mrs. Robinette conveyed to him by deed a one-half interest in the farm. At the time of the divorce hearing the appraised value of the farm was $251,000.

The only additional marital asset was the present value of Mr. Robinette's profit sharing, pension and stock benefit plans from his employment with Burlington Industries. Mr. Robinette worked at Burlington throughout the marriage and relocated with the company several times. Mrs. Robinette accompanied him on each move. On the occasion of one transfer from Arkansas to North Carolina, had Mrs. Robinette stayed in Arkansas six more months she would have had ten years employment with the University of Arkansas and would have received a pension. When Mr. Robinette retired, he received the following benefits which were classified as marital property: $42,000 as a lump-sum payment from his retirement plan (consisting of vested retirement benefits of $58,544 less approximately $16,000 balance on a loan procured to help build the farm house); 5,226 shares of stock and $48,505.01 from the profit sharing plan; and 79 shares of stock and $45.71 from an employee stock ownership plan. At trial, Mr. Robinette offered evidence that the present value of his combined retirement benefits was approximately $231,000; Mrs. Robinette's evidence of valuation was $290,000.

The court granted a monetary award to Mrs. Robinette of $116,925 from Mr. Robinette's "profit-sharing, pension and stock

programs, paid to him upon retirement." The court further provided that Mr. Robinette could satisfy the entire award by conveying all of his interest in the Giles County real estate to Mrs. Robinette. The court ordered that the Robinettes would continue to own as tenants in common the farm in Giles County, the lot in Florida, and their burial plots. Mr. Robinette was ordered to pay $2,000 in attorney's fees for his wife's attorney and $650 per month as spousal support.

## I. *ESTABLISHMENT OF A TRUST*

At trial, Mrs. Robinette sought to introduce parol evidence to establish that the farm in Giles County was subject to a trust in favor of her brother, William Kellner. Mr. Robinette objected on the ground that parol evidence could not be admitted to change the meaning of a deed which was clear and unambiguous on its face. The trial judge sustained the objection but allowed Mrs. Robinette to proffer her evidence for the record. The proffered evidence consisted of testimony from Mrs. Robinette, her two sons, and the attorney who handled the original conveyance from Mrs. Kellner to Mrs. Robinette and the subsequent conveyance from Mrs. Robinette to Mr. Robinette. All testified that Mrs. Kellner expressed a desire that Mrs. Robinette hold one-half of the property for the benefit of her brother. The evidence also proved that the brother made a monetary contribution to the home construction improvement on the property. Mrs. Robinette contends that the trial court erroneously ruled that parol evidence could not establish a trust in realty and that her proffered evidence, if believed, was sufficient to sustain a trust.

■ It is an established principle in Virginia that as to real estate, parol evidence may be used to establish both express trusts, *Peal v. Luther*, 199 Va. 35, 37, 97 S.E.2d 668, 669-70 (1957), and resulting trusts. *Salyer v. Salyer*, 216 Va. 521, 525, 219 S.E.2d 889, 893 (1975). It is equally well settled that " '[i]n controversies between two parties to a contract, parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional, written instrument.' " *Amos v. Coffey*, 228 Va. 88, 91-92, 320 S.E.2d 335, 337 (1984) (quoting *Godwin v. Kerns*, 178 Va. 447, 451, 17 S.E.2d 410, 412 (1941)).

Even if we conclude that Mrs. Robinette originally held one-half of the property in trust for her brother, an issue which we do not decide, she subsequently conveyed a one-half interest in the property to her husband. Mrs. Robinette would have us hold that she did not have the ability to convey good title to her husband and that the conveyance should be set aside in light of the fact that she was really holding one-half of the property in trust for her brother. "The rule is well established that where the deed recites or affirms, expressly or impliedly, that the grantor is seised of a particular estate which the deed purports to convey, and upon the faith of which the bargain was made, [s]he will be thereafter estopped to deny that such an estate was passed to this vendee . . . ." *Marshall v. Jameson*, 145 Va. 605, 610-11, 134 S.E. 573, 574-75 (1926) (quoting *Reynolds v. Cook*, 83 Va. 817, 821, 3 S.E. 710, 713 (1887)). Mrs. Robinette cannot avoid the consequences of her voluntary written conveyance to Mr. Robinette by introducing parol evidence to defeat it. A parol trust cannot be established in favor of a grantor when its effect will be to defeat or contradict by the parol agreement the terms of the deed. *See Daniel v. Viar*, 147 Va. 323, 329, 137 S.E. 526, 527-28 (1927) (dicta). For purposes of determining marital property, neither will we allow a grantor-spouse to establish a parol trust in favor of a third party which will defeat or contradict his or her written deed to another. Our holding is not intended to frustrate the claims of grantors who, at the time of conveying a deed absolute on its face, intend that the conveyance be in trust and this intention is expressed to the grantee. There is no evidence that at the time of the conveyance Mrs. Robinette indicated the property was subject to a trust or that she had less than full, marketable title. Mrs. Robinette's plain intention was that she and her husband would hold the entire property as tenants in common. Mrs. Robinette is estopped from denying the validity of the conveyance to her husband, and accordingly, the trial court was correct when it refused to consider the proffered evidence.

## II. *EQUITABLE DISTRIBUTION*

Code § 20-107.3 details the steps which a trial court must follow in determining the equitable distribution of property. The court must first determine the legal title as between the parties and the ownership and value of all property. The court also must determine whether the property is marital or separate property.

All property determined to be marital property is subject to equitable distribution. Finally, based upon the equities and rights and interests of each party in the marital property, the court may grant a monetary award to either party. In making a monetary award, the court must consider all of the factors specified in Code § 20-107.3(E). The trial court must, however, follow all of the provisions of Code § 20-107.3 in making a monetary award or the award is invalid. *Rexrode v. Rexrode*, 1 Va. App. 385, 394, 339 S.E.2d 544, 550 (1986).

In the Robinettes' final divorce decree, the trial judge did not specifically articulate his findings as to the legal title and ownership and value of the property, nor did he specifically articulate his findings as to which of such property was marital property and which was separate property. While the preferred approach is for the trial judge to state his findings, it is apparent from the record and the final decree that the chancellor properly considered both the farm in Giles County and Mr. Robinette's retirement benefits as marital property. The judge ordered that the parties would continue to hold the real property as tenants in common, and he made a monetary award of one-half of Mr. Robinette's retirement benefits to Mrs. Robinette. Mr. Robinette was given the option to satisfy the monetary award by conveying his interest in the farm to Mrs. Robinette.

While it can be determined from the record that the judge made the requisite findings as required by Code § 20-107.3(A), there is no indication that the judge considered the factors specified in Code §§ 20-107.3(E)(1)-(11) in making the monetary award, the effect of which was an equal division of the marital property. The court may make an equal division if, based upon the factors of Code § 20-107.3(E), an equal division is appropriate, *Bentz v. Bentz*, 2 Va. App. 486, 490, 345 S.E.2d 773, 775 (1986), but Virginia has no presumption favoring equal division. *Papuchis v. Papuchis*, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986). While the judge did refer to Code §§ 20-107.1 and 20-107.3 in the final order, indicating a consideration of the statutes in making the decision, the final order does not indicate a consideration of the specific equities of the case. Code § 20-107.3 provides for a monetary award based upon the equities and rights and interests of each party in the marital property rather than just according to title.

■ It appears that once the judge determined the Giles County farm was marital property, he segregated it from other marital property and made a monetary award based solely upon the equities of each party in the retirement benefits. Such a segregation of the property is fatal to the award for several reasons: (1) the statutory factors of Code § 20-107.3(E) must be applied to *all* of the marital property that is considered for equitable distribution; (2) the court must consider, among other things, how and when specific items of marital property were acquired and the parties' contributions, both monetary and nonmonetary, to the acquisition, care and maintenance of the specific items; see Code §§ 20-107.3(E)(2) and (6); and (3) the effect of segregating the real estate was necessarily to make an equal division of it apparently without considering the equities of the parties in the real estate. The Giles County farm had been in Mrs. Robinette's family since 1793. She acquired title in 1960 and held it as sole owner until the mid-seventies when Mr. Robinette made a monetary contribution to construct a house on the farm—which contribution was small in comparison to the farm's value. Either the court concluded that since Mrs. Robinette conveyed a one-half interest to her husband, legal title dictated that the property be divided accordingly, or the court failed to consider each party's equitable interests in the farm; in either event, the court erred.

■ The court's award defeats the purpose of the equitable distribution statute which is intended to "compensate a spouse for his or her contribution to the acquisition of property obtained during the marriage without regard to title when the marriage is dissolved." *Sawyer v. Sawyer*, 1 Va. App. 75, 78, 335 S.E.2d 277, 279 (1985). It is clear from the record that the court failed as required by law to consider the equitable factors of Code § 20-107.3(E) in regard to the farm and, thus, the entire marital estate when it made the equitable distribution award; thus, the judgment cannot stand. Upon remand, the statutory factors should be considered and appropriately applied to all of the marital property.

### III.  *SPOUSAL SUPPORT*

Code § 20-107.1 directs the court to consider nine factors in determining support and maintenance of a spouse. Specifically, one of the factors to be considered is what provisions are made with regard to the marital property under Code § 20-107.3 Since

the disposition of marital property is to be considered on remand, the court must necessarily re-examine spousal support in light of new or different findings resulting from the additional proceedings. *McGinnis v. McGinnis*, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985).

Accordingly, the decree appealed from is remanded for proceedings consistent with the rulings expressed herein.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Barrow, J., concurred.