**Alexandria**

RANDY STUART COUSINS

v.

ROSEMARY PAIGE COUSINS

No. 0989-86-4

Decided October 6, 1987

COUNSEL

Maureen M. Dwyer, for appellant.

Allen S. Rugg (Marcelle F. Schleider, Fagelson, Schonberger, Payne & Arthur, on brief), for appellee.

OPINION

**COLEMAN, J.** — Randy Cousins appeals the equitable distribution award and the child custody and child support awards en-

tered by the Circuit Court of Fairfax County. He raises four questions: (1) whether, in determining equitable distribution, the trial court properly considered circumstances leading to the dissolution of the marriage when the divorce had been granted on no fault grounds; (2) whether the trial court erred by classifying the marital abode as separate property; (3) whether the trial court erred by failing to consider all statutory factors and by failing to make necessary findings before making the equitable distribution and child support awards; and (4) whether the trial court erred by awarding custody of the parties' child to Mrs. Cousins when there was insufficient evidence of the factors of Code § 20-107.2(1). We find that the court erred in classifying the marital home as separate property. Thus, we necessarily remand the equitable distribution and child support awards. We find no other error and affirm the custody award.

Mr. Cousins contends that because the final divorce was granted on the "no-fault" ground of a one year separation, the finding of no fault has a *"res judicata* effect" on issues concerning the dissolution of the marriage. He argues that the award of a "no-fault" divorce precludes the court from considering fault when making the equitable distribution award. Mrs. Cousins contends that we cannot consider the question because no timely objection was made to the introduction of evidence concerning Mr. Cousin's adulterous behavior. Mrs. Cousins is correct that no timely objection was made; nevertheless, we must address the question because it will arise again when the equitable distribution award is reconsidered on remand for reasons hereafter stated. *See* Rule 5A:18.

Code § 20-107.3(E) enumerates eleven factors which must be considered by the trial judge when making a monetary award. Code § 20-107.3(E)(5) directs the court to consider "[t]he circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground for divorce under the provisions of § 20-91(1), (3) or (6) or § 20-95." This statute, by its plain language, does not limit the trial court to consider only the grounds upon which the divorce was granted. *Bacon v. Bacon,* 3 Va. App. 484, 490, 351 S.E.2d 37, 41 (1986). Circumstances and factors which may have contributed to the dissolution of a marriage, regardless of whether they constituted grounds for divorce, may be considered in weighing the equities between parties

in determining the amount and method of making a monetary award. *See Smoot v. Smoot*, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). The statutory directive, "specifically including any ground for divorce . . ." does not limit consideration to grounds for divorce. We therefore conclude it was proper for the trial court to consider evidence of Mr. Cousin's adultery, provided it contributed to the dissolution of the marriage, when making an equitable distribution award.

█ Code § 20-107.3(A) requires the trial court to classify property owned by the parties as either marital or separate property. Code § 20-107.3(A)(2)(i), in relevant part, defines marital property as "all property titled in the names of both parties whether as joint tenants, tenants by the entirety or otherwise." The marital home was titled to both parties as tenants by the entirety. Therefore, accepting as fact Mrs. Cousins' contention that the home was an advancement from her parents on her inheritance, the statute does not support a finding that the home was her separate property.

█ Mrs. Cousins relies on the definition for separate property in Code § 20-107.3(A)(1)(ii) that "all property acquired during the marriage by bequest, devise, descent, survivorship or a gift from a source other than the party" is separate property. But, to be separate property, it must be owned by or titled to only one party. By definition, property which is jointly owned or titled is marital, not separate. Assuming the home was acquired by "devise, descent, survivorship or gift" it was transferred to the parties jointly, and the marital property definitions apply.

█ Thus, since the trial court misclassified the marital home as separate property, the equitable distribution award must be set aside and reconsidered. On remand, classification of the property as marital does not, however, preclude the trial judge from giving consideration to how and when the property was acquired in determining the amount of and method for paying a monetary award. Code § 20-107.3(E)(6); *see Robinette v. Robinette*, 4 Va. App. 123, 130, 354 S.E.2d 808, 811 (1987). Accordingly, the equitable distribution issue is remanded for proceedings consistent with this opinion.

Whether the trial court erred in making the monetary award need not be addressed. The award must necessarily be reconsid-

ered on remand in light of the family home being deemed marital property. On remand, the trial court must consider the rights and equities of the parties in the marital property and all the factors of Code § 20-107.3 in making the monetary award. *Smoot*, 233 Va. at 441, 357 S.E.2d at 731 (citing *Robinette*, 4 Va. App. at 130, 354 S.E.2d at 811).

■ Neither do we address whether the judge abused his discretion concerning child support. The amount of any monetary award under Code § 20-107.3 is one of the factors the court must consider in determining child support, and in view of the remand of the monetary award, the trial court must also reconsider its child support award. *Venable v. Venable*, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986).

Finally, we consider Mr. Cousins' argument that there was insufficient evidence upon which the trial court could base a custody award. Mr. Cousins chose not to present evidence in his behalf on the custody issue. He cannot now complain because of his own lack of diligence.

■ A trial court's custody decision, when based on an *ore tenus* hearing, is entitled to great weight and will not be disturbed on appeal unless it is plainly wrong or there is no evidence to support it. Code § 8.01-680; *Venable*, 2 Va. App. at 186, 342 S.E.2d at 651 (citations omitted). The trial court had before it evidence relating to the factors of Code § 20-107.2(1) and made a decision based on the evidence presented. The trial court did not err in granting custody based on the evidence which the parties elected to present.

In summary, we remand the equitable distribution award for reconsideration with directions that the family home be classified as marital property. Because the monetary award is remanded, child support must necessarily be remanded and reconsidered. Finally, the award of child custody to Mrs. Cousins is affirmed.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Keenan, J., concurred.