COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


THOMAS ALLAN WALTERS

v.         Record No. 2388-94-1        MEMORANDUM OPINION* BY
                                       JUDGE NELSON T. OVERTON
KAREN ELIZABETH RIESBECK WALTERS         OCTOBER 10, 1995

           FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                      John M. Folkes, Judge

           Breckenridge Ingles (Martin, Ingles & Ingles,
           Ltd., on brief), for appellant.

           William E. Moore (Moore, Foard & Dias, on
           brief), for appellee.


     Appellant claims that the circuit court, in a decree a

vinculo matrimonii, erred by (1) failing to value, identify, and

order a division of marital and separate property, (2)

miscalculating the income of the parties for the purposes of an

alimony award, (3) awarding alimony to appellee, and (4) ordering

appellant to pay 80% of medical expenses of the children not

covered by insurance.  We hold that the court did err as to the

first assignment, but that the error was harmless.  Finding no

other error by the court, we affirm.

     The court is required by statute to "determine the legal

title as between the parties, and the ownership and value of all

property . . . ."  Code § 20-107.3(A); see Bosserman v.

Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989); Bowers v.

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Bowers, 4 Va. App. 610, 616-17, 359 S.E.2d 546, 550 (1987).  In this case the court accepted the decision of the commissioner to adopt the de facto division of the property as it had been done by the parties.  The commissioner's ruling, however, was vague as to the legal status and value of many items of property, and the circuit court should have made a clear ruling so as to conform strictly with Code § 20-107.3.

The factual circumstances in this case, however, lead to a conclusion that the error was harmless.  The purpose of the statutory requirements in Code § 20-107.3 is to fairly divide the value of the property.  Bosserman, 9 Va. App. at 5, 384 S.E.2d at 107; Robinette v. Robinette, 4 Va. App. 123, 130, 354 S.E.2d 808, 811 (1987).  Although the bulk of the property was ultimately given to the appellee, this result is not unjust.  The error does not compel us to reverse the trial court's decision.

We find that the court made no other errors.  Accordingly, we affirm.

Affirmed.