COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


FRANK H. GILLILAND

                                          MEMORANDUM OPINION[*]
v.      Record No. 1272-04-1                    PER CURIAM
                                          NOVEMBER 16, 2004
SHERRY L. GILLILAND


                FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                          Westbrook J. Parker, Judge

            (Romy L. Radin; Radin & Radin, P.C., on brief), for appellant.

            (James E. Rainey; Moyler, Rainey & Cobb, P.L.C., on brief), for
            appellee.


        Frank H. Gilliland, husband, appeals a decision of the trial court concerning its equitable

distribution award.  Husband argues the trial court abused its discretion by:  (1) failing to

consider the factors of Code § 20-107.3 and ordering him to satisfy a cash obligation to Sherry L.

Gilliland (wife) as part of the equitable distribution award; (2) accepting wife's valuation of

personal property and its apportionment of the property between the parties; (3) requiring him to

purchase wife's equity in the marital assets in his possession according to wife's evidence of the

value of that property; and (4) awarding wife attorney's fees related to his motion for

reconsideration.  Upon reviewing the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

"'Under familiar principles we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below.'" Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E .2d 572, 574 (1992) (citation omitted). "Where, as here, the court hears the evidence *ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Id.

The parties were married in 1985. In 2002, wife filed a bill of complaint for divorce. Wife moved out of the marital residence. The parties agreed to have a settlement conference on January 20, 2004 regarding the equitable distribution of the marital property. At the hearing, both parties presented written proffers concerning the value of the marital property. Wife presented the following evidence of how she obtained values for the property:

| | |
|---|---|
| Marital residence | County's assessed value |
| Husband's truck | Value given by husband in discovery response |
| Wife's "wrecked" vehicle | Amount paid to her for the vehicle |
| Tractor | Value given by husband in discovery response |
| Household goods | Wife's estimated value |
| Husband's Retirement | Value given by husband in discovery response |

Wife also presented a 2002 county tax bill as evidence of the value of husband's truck.

Husband argued that wife abandoned him and that, when she left the marital home, she left personal property that she did not want. He also argued that wife's valuations of the personal property were arbitrary. Husband further contended wife's estimations of value as to property in his possession were "too high" and were based on values at the time of separation not at the time of the evidentiary hearing. Specifically, husband argued that wife's assessment of the values of

the truck and tractor did not take into consideration the current condition of the items. Husband asserted the truck had been damaged and the tractor was in poor condition. Husband also presented evidence that he had worked during the marriage until December 1999, when he became ill. At the time of the hearing, husband's only source of income was social security disability.

In its opinion letter dated March 16, 2004, the trial court ruled that the parties had contributed equally to the marriage and to the acquisition and maintenance of the property. Therefore, the court divided the marital property equally. The trial court also stated that it "carefully reviewed the evidence submitted" and found that wife's assessment of the value of the property was supported by the documentation she provided. Therefore, the court accepted wife's evidence of the value of the items of personal property. The court awarded husband the pick-up truck, the tractor, and the household goods in his possession. It awarded wife the value of the wrecked car and the household goods in her possession. The court ordered husband to pay wife $11,922.50 for her share of the marital assets in husband's possession.

Husband filed a motion to reconsider and, at the hearing on the motion, husband requested that the court enter an order transferring personal property to wife and awarding husband a lump sum payment pursuant to Code § 20-107.3(D). Husband also requested that the court consider additional evidence concerning the value of the personal property or order that the property be sold and the parties divide the proceeds. Husband again argued that wife's property valuations were arbitrary.

The trial court ruled that husband's "argument should have been made to the Court of Appeals." The court awarded wife $300 in attorney's fees for the costs of defending the motion to reconsider.

<u>Analysis</u>

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one." <u>Shackelford v. Shackelford</u>, 39 Va. App. 201, 210, 571 S.E.2d 917, 921 (2002). "The function of the [trial court] is to arrive at a fair and equitable monetary award based upon the equities and the rights and interests of each party in the marital property." <u>Mitchell v. Mitchell</u>, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987). Accordingly, we rely on the sound discretion of the trial court in determining the appropriate division or transfer of marital property and the amount of any monetary award. <u>Gottlieb v. Gottlieb</u>, 19 Va. App. 77, 93-94, 448 S.E.2d 666, 676 (1994) (citation omitted).

Husband contends the trial court abused its discretion and "ignored" Code § 20-107.3 when making the equitable distribution award. However, in the final divorce decree, the trial court stated that it considered Code § 20-107.3 in rendering its decision, including Code § 20-107.3(A) through (E). Specifically, the court stated that it gave "full consideration [to] each and every factor set forth in [Code] § 20-107.3(E)."

The trial court must consider all of the factors set forth in Code § 20-107.3(E). However, the trial court "need not quantify or elaborate exactly what weight was given to each of the factors." <u>Taylor v. Taylor</u>, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988). Accordingly, husband's argument is without merit.

Husband argues the trial court abused its discretion by accepting wife's "excessive" valuation of personal property, which he asserts was based on the value of the property at the time of separation.

> Virginia's [equitable distribution] statute "mandates" that trial courts determine the ownership and value of all real and personal property of the parties. But, consistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty. When the party with

the burden of proof on an issue fails for lack of proof, he [cannot] prevail on that question.

Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987).

The record does not support husband's argument that wife's valuation of all of the personal property was based on values at the time of separation. Wife's document entitled "Real and Personal Property," listing her estimated value of the marital property, is dated January 20, 2004, the date of the evidentiary hearing. In addition, his particular claim that her evidence regarding the value of the tractor or truck was out-of-date and excessive and constituted an improper basis for the court's decision is without merit. To be sure, wife produced a 2002 county tax assessment document which showed the value of husband's truck was $16,625. However, the record on appeal contains no evidence of husband's asserted alternate value of the truck. Husband did not mention the truck in his written proffer, and the written statement of facts only states generally that husband argued the truck had been damaged, but it does not state the amount of damage or a value for the truck that husband contends is appropriate. Moreover, the written statement of facts indicates that wife also obtained the value for both the truck and the tractor from husband's response to her discovery requests.

Our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Furthermore, we do not presume on appeal that the trial court has erred. Indeed,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect

> complained of. If the appellant fails to do this, the judgment will be affirmed."

Id. (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1991)). Here, upon review of the record, we conclude that husband has failed to provide us with an adequate record to enable us to determine whether the trial court erred by accepting wife's valuation of the truck. Because the record contains no evidence of husband's estimated value of the truck, we affirm the trial court's acceptance of wife's valuation evidence.

Furthermore, "[i]t is well established that the trier of fact ascertains [witnesses'] credibility, determines the weight to be given their testimony, and has the discretion to accept or reject any of the [witnesses'] testimony [, whether in whole or in part]." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). The trial court accepted wife's evidence concerning the value of all the personal property, stating in its opinion letter that her proffer was supported by documentary evidence. We find no abuse of discretion in its decision concerning the valuation of all of the property.

Husband argues the trial court abused its discretion in its apportionment of the marital property. "[A] trial court considers the factors in Code § 20-107.3, to make a decision regarding division of marital property." Shackleford, 39 Va. App. at 211, 571 S.E.2d at 922. In its opinion letter, the trial court found that "both parties contributed equally to the marriage and to the acquisition and maintenance of the property; accordingly, it shall be divided equally." The factual predicates for the trial court's decision are valid, and its exercise of discretion sound. Therefore, we find no error in this aspect of the equitable distribution award.

Husband also contends the trial court abused its discretion by requiring him to purchase wife's equity in the marital property in his possession, citing Code § 20-107.3(D). Code § 20-107.3(D) provides in part:

[B]ased upon (i) the equities and the rights and interests of each party in the marital property, and (ii) the factors listed in subsection E, the court has the power to grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party. The party against whom a monetary award is made may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court.

Thus, Code § 20-107.3(D) requires the trial court's approval of husband's proposal to convey property to wife instead of issuing a monetary award. However, the trial court did not approve such a payment and there is no showing of an abuse of discretion in its decision. When the trial court orders a monetary award, it must be based on all of the factors enumerated in Code § 20-107.3(E). Robinette v. Robinette, 4 Va. App. 123, 130, 354 S.E.2d 808, 811 (1987). There is adequate evidence in the record to establish the trial court took these factors into consideration. "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

Husband argues the trial court abused its discretion by awarding wife attorney's fees for the costs of defending husband's motion for reconsideration of the equitable distribution award. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999). The written statement of facts indicates that the arguments husband made at the motion for reconsideration were either previously made at the January 20, 2004 hearing or could have been presented at that hearing. Accordingly, we cannot say the trial court abused its discretion by awarding wife $300 in attorney's fees.

Wife requests an award of attorney's fees and costs expended on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon a review of the record,

we find the litigation addressed appropriate issues and husband did not generate unnecessary delay or expense in pursuit of his interests.  Therefore, the request is denied.

For these reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>