COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Petty and McCullough
Argued at Richmond, Virginia

WILLIE ALVIN PATRON, JR.

                                       MEMORANDUM OPINION[*] BY
v.      Record No. 0719-12-2      JUDGE STEPHEN R. McCULLOUGH
                                         NOVEMBER 27, 2012

ANDREA A. FURTADO

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge

Andrea C. Long (The James B. Long Law Center, on brief), for
appellant.

No brief or argument for appellee.

Willie Alvin Patron, Jr., raises four assignments of error challenging various aspects of the
final decree of divorce. He contends that (1) the trial court erred in holding that "the real estate on
Claypoint Road in Chesterfield County is jointly owned and the parties do not want any equitable
division of it;"[1] (2) the trial court erred in finding there was "no evidence of a change in
circumstances that justifies a change in primary physical custody of their daughter;" (3) the trial
court erred in awarding child support from husband to wife; and (4) the trial court erred in ordering
husband to pay wife $3,500 in attorney's fees. We hold that the trial court did not err and, therefore,
we affirm the judgment below.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's assignment of error is broader, but the argument on brief focuses
exclusively on the Claypoint Road property. We limit our analysis accordingly. See Roberts v.
Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003).

ANALYSIS

The parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value. Therefore, we discuss only those facts and incidents of the proceedings which are necessary to the parties' understanding of the disposition of this appeal.

## I. THE CLAYPOINT ROAD PROPERTY

The written statement of facts reflects that the trial court valued the Claypoint Road property at $65,000 and that

> both Husband and his father testified that Husband's relatives originally inherited the Claypoint Road property. Wife loaned the money for the closing on this property but was repaid in full shortly thereafter. Husband did not realize that wife's name was [on] the deed due to her name on the loan, nor was he aware that she singularly diverted the rental income generated from the Claypoint Road holding to deposit directly into her personal bank account instead of the join[t] account. Accordingly, Husband argued that the Claypoint Road property is not and was never intended to be marital property, but is a gift from his father exclusively to him, thus not subject to equitable distribution. *Husband and Wife stated in court that they did not want the Court to do anything with the Claypoint property but to just leave it jointly titled.*

(Emphasis added). The court then ruled that "the Claypoint Road property is jointly owned and the parties do not want it included as part of equitable division."

On appeal, husband stresses the testimony he offered along with his father, and contends that "[t]he Court should have classified this property as Husband's sole estate." Appellant Br. at 16. The trial record, however, reflects that husband and wife "did not want the Court to do anything with the Claypoint property but to just leave it jointly titled."

> A litigant is not allowed to approbate and reprobate. This Court has stated that a party may not in the course of the same litigation occupy inconsistent positions. It is improper for a litigant to invite error and take advantage of the situation created by [his] own wrong. The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that [he] first adopted.

Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) (citations and quotation marks omitted). Appellant asked the trial court to leave the property as jointly titled and not to do anything with it. The trial court acceded to this request. Therefore, husband is precluded on appeal from pressing an inconsistent position. In short, the trial court did not err in classifying the property as jointly owned when appellant asked it to do so.[2]

## II. CUSTODY OF THE PARTIES' DAUGHTER

At the *pendente lite* hearing, the trial court initially awarded primary physical custody of the daughter to wife and awarded husband visitation. On March 9, 2012, the court found that no change in circumstances had occurred to justify a change in the previous custody order. Therefore, the court made the existing custody and visitation order permanent. Husband contends that this was error. On appeal, husband stresses the long hours that wife works, and the fact that wife previously attempted suicide. He also presses his own fitness as a parent, including his role as a stay-at-home father who played a primary role in raising his daughter.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "The trial court's determination of the child's best interests 'is a matter of discretion . . . , and, unless plainly wrong or without evidence to support it, the court's decree must be affirmed.'" Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002) (quoting Bostick v. Bostick-Bennett, 23 Va. App. 527, 533, 478 S.E.2d 319, 322 (1996)).

---

[2] It is undisputed that the property was jointly titled. We note that this Court rejected a nearly identical argument in Cousins v. Cousins, 5 Va. App. 156, 159, 360 S.E.2d 882, 884 (1987) (rejecting wife's argument that property was an advancement of her inheritance from her parents and, therefore, her separate property; because the property was jointly titled, by statute, it must be marital). We further note that, at this point, by operation of Code § 20-111, the parties own the property as tenants in common.

The record reflects that the trial court considered the evidence presented by husband, including the fact that wife worked long hours, that at some point in the past wife had attempted suicide, and that wife had suffered from stress-induced epileptic seizures. The court specifically noted that wife has "anger issues." The court also considered the fact that wife maintained a good, stable job, whereas husband did not. The court was aware that husband had sold illegal drugs and had exposed his daughter to those illegal activities. At the *pendente lite* hearing on October 13, 2010, husband tested positive for illegal drugs. In reports obtained from the daughter's daycare facility, which were admitted into evidence, workers described husband's visits as feeling "creepy" and "obsessive." The record also shows that the court considered the factors listed in Code § 20-124.3.

Our role on appeal is not to reweigh this evidence but to ensure that the trial court did not abuse its discretion. The record before us furnishes ample evidence to support the trial court's judgment. We hold that, on the evidence presented, the trial court did not abuse its discretion in awarding primary physical custody to wife.

III. CHILD SUPPORT

Husband next argues that the trial court erred in awarding wife child support. First, he contends that he should receive primary physical custody, which would negate a child support award in favor of wife. Second, he notes that he has no income and challenges the trial court's imputation of income to him, claiming he is unable to work due to a medical condition that causes him "constant pain."

With respect to the custody issue, as we noted above, the trial court did not err in awarding primary physical custody to wife. Therefore, we do not address that issue further. With regard to the imputed income issue, we review this matter under an abuse of discretion standard. O'Hara v. O'Hara, 45 Va. App. 788, 797-98, 613 S.E.2d 859, 864 (2004).

The evidence supports the trial court's decision to impute a minimum wage income to husband. It is true that husband is not employed. He testified that he is disabled. As the trial court noted, however, he offered no medical evidence in support of this claim. Moreover, the Social Security Administration denied his application on the basis that he was not disabled. The trial court found that "Husband suffered from a condition that was somewhat debilitating, but [that he] had, notwithstanding the effects of this condition, been able to earn income." The Court found that "Husband had the functional capacity to earn some income" and was "voluntarily unemployed." Id. The court imputed income to husband at $1,257 per month, based on the federal minimum wage. The court then determined husband's child support obligation based on that amount. The record supports the trial court's conclusion that husband is able to work. Furthermore, because husband is able to work, the court did not abuse its discretion in setting husband's earnings at the minimum wage. Consequently, we find no basis for reversal on this ground.

## IV. ATTORNEY'S FEES

Husband's final contention is that the trial court erred in assessing attorney's fees. He contends that the award was punitive in nature and that it is unreasonable. "An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case." Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987). The record shows that husband was in arrears for his child support, compelling wife to file a motion for a show cause. The court ordered husband to pay the arrears. When he did not do so by the appointed deadline, the court had husband jailed. Husband purged the contempt by paying the arrears. Husband did not answer wife's requests for admissions. In addition, although he was properly notified, husband did not appear at the January 3, 2011 equitable distribution hearing. He then sought belatedly to introduce evidence –

which the court allowed – at the motion for presentment of the final decree. The abuse of discretion standard, "if nothing else, means that the trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (citation omitted). On the record before us, we conclude that the trial court did not abuse its discretion in awarding attorney's fees to wife.

CONCLUSION

The judgment of the trial court is affirmed.

Affirmed.